UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| ESSEX INSURANCE CO., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC06CV326 |
| MDRB CORP., *et al.*, | * | |
| Defendants. | * | |

### MOTION TO DISMISS FOR IMPROPER VENUE
### OR, IN THE ALTERNATIVE, TO TRANSFER

Defendant, MDRB Corporation, t/a Ramada Limited Corp. ("MDRB"), by and through its undersigned counsel, hereby moves to dismiss the above entitled action pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. In support of this Motion, MDRB states as follows:

### ALLEGATIONS IN THE COMPLAINT

1. Plaintiff, Essex Insurance Company ("Essex"), has filed this action seeking declaratory relief regarding its rights and obligations under a Commercial General Liability Policy that it issued to MDRB (the "Policy"). (Compl. ¶ 1 and Exhibit B thereto.)

2. The Policy identifies the "Named Insured and Mailing Address" as "Ramada Limited Corp., MDRB CORP t/a 1600 New York Ave., NE Washington, DC 20002." (Complaint, Exhibit B, unnumbered page 2.) The property subject to the Policy is a Ramada Inn Hotel located at 1600 New York Avenue, N.W., Washington, D.C. (the "Ramada Inn" or "Hotel"). The Hotel was owned and operated by MDRB during the time the Policy was in

effect. (Compl. ¶ 4.) MDRB is presently the fee owner of the property on which the Hotel is located, but leases the property and Hotel to a third party to operate.

3. According to the Complaint, MDRB is a privately-held Maryland corporation with its principal place of business in Laurel, Maryland. (Compl. ¶ 4.)

4. In addition to MDRB, Essex has named Amina Farooq, as personal representative of Estate of Nadir Farooq, as a co-defendant in this case. Essex identifies the Estate of Nadir Farooq as a resident of the District of Columbia. (Compl. ¶ 5.)

5. Essex seeks a declaration from this Court that the Policy does not provide coverage to MDRB with respect to claims filed against it in a lawsuit captioned *Farooq v. MDRB Corporation, et al.* (D.C. Superior Court Case No. 2005 CA 003395). (Complaint, ¶2 and Exhibit A thereto; the "Farooq Action.")

6. Upon information and belief,[1] the Farooq Action has been removed to the United States District Court for the District of Columbia, where it remains pending. *See Farooq v. MDRB Corporation, et al.* (United States District Court for the District of Columbia, Civil Action No. 06-CV-00211-RMC).

7. The Farooq Action seeks to impose liability on MDRB for acts and omissions that occurred at the Ramada Inn. (Compl. ¶ 24.)

8. Essex bases jurisdiction in this Court on asserted diversity of citizenship between the Plaintiff and the Defendants. (Compl. ¶ 6.) Venue is based on 28 U.S.C. § 1391. (Compl. ¶ 7.)

---

[1] The undersigned is not MDRB's defense counsel in the Farooq Action.

## ARGUMENT

When federal jurisdiction is founded solely on diversity of citizenship, venue is only proper in:

> (1) a judicial district where any defendant resides, *if all defendants reside in the same State*, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391 (a) (emphasis added).

For purposes of venue, a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Based on the allegations of the Complaint, MDRB may be considered a resident, for venue purposes, of either Maryland (its state of incorporation and principal place of business), or the District of Columbia (where it "owned and operated" the Hotel that is the subject of the Policy). (Compl. ¶4). MDRB also remains registered as a foreign business corporation in the District of Columbia (See Exhibit 1 hereto). The Estate of Nadir Farooq is administered in the District of Columbia, with its personal representative residing in the District of Columbia. (Compl. ¶ 5 and Exhibit A thereto.) Because both defendants do not reside in Maryland, venue is improper under 28 U.S.C. § 1391(a)(1).

Venue in this district is also improper based on 28 U.S.C. § 1391(a)(2). According to the Complaint, the Policy provides liability insurance for the Ramada Inn located in the District of Columbia. (Compl. ¶ 4. and Exhibit B attached thereto, unnumbered page 2.) Essex seeks a declaration that the Policy does not provide insurance coverage for the wrongful death lawsuit formerly pending in the Superior Court of the District of Columbia, and presently pending in United States District Court for the District of Columbia. The underlying wrongful death claim is

3

based upon events that occurred at the Hotel located in the District of Columbia. The death was investigated by the District of Columbia Metropolitan Police Department (Compl. ¶¶ 12, 14, 15), as well as the Office of the Chief Medical Examiner for the District of Columbia. (Compl. ¶ 17.) Travis Littlejohn was arrested by the District of Columbia police (Compl. ¶14), and Littlejohn was criminally charged, tried, convicted and sentenced in the Superior Court of the District of Columbia. (Compl. ¶¶ 18-20.) In short, the property at which the incident occurred, and which is subject to the Policy, is located in the District of Columbia, and all of the events and legal proceedings arising from that incident transpired or remain pending in the District of Columbia.

The third and final foundation upon which venue could be based in this case, § 1391(a)(3), requires that there be no other judicial district "in which the action may otherwise be brought." As stated above, the Farooq Action currently is pending in the United States District Court for the District of Columbia, and this declaratory judgment action could be brought in that judicial district. As such, this third venue consideration is not satisfied here. Because venue in Maryland is improper under 28 U.S.C. § 1391(a), this case must be dismissed.

In the alternative, pursuant to 28 U.S.C. § 1404, MDRB consents to the transfer of this action to United States District Court for the District of Columbia. Not only would venue be proper in that judicial district, transferring this action to that court would promote the interests of judicial economy since the underlying wrongful death action and this action could be adjudicated in the same court.

Furthermore, in this case, MDRB's choice of forum should be accorded substantial weight. Essex requests that this Court issue a declaratory judgment that no insurance coverage exists and, hence, it has no obligation to pay defense costs or any judgment that may be incurred or rendered in the Farooq Action. Essex's requested relief effectively constitutes a failure or

4

refusal to pay MDRB under the Policy. Pursuant to the terms of the Policy, Essex, "at the request of the Insured" is required to "submit to the jurisdiction of any court of competent jurisdiction within the United States of America . . ." (Complaint, Exhibit B, unnumbered page 5.) By filing this preemptive declaratory judgment action, Essex attempts to foreclose MDRB's selection of jurisdiction under the Policy, thereby essentially denying MDRB of its rights under that Policy. In any event, MDRB requests dismissal of the instant action, or, alternatively, transfer to the United States District Court for the District of Columbia.

**WHEREFORE**, Defendant, MDRB Corporation, respectfully requests that this action be dismissed for improper venue, or in the alternative, transferred to United States District Court for the District of Columbia.

Dated: April 20, 2006

Respectfully submitted,

**LINOWES AND BLOCHER LLP**

By: _____s/_____
  Gerald W. Heller
Bar No.: 9145
  Gareth S. Smith
Bar No.: 16661

7200 Wisconsin Avenue, Suite 800
Bethesda, MD 20814-4842
Telephone: (301) 654-0504
Facsimile: (301) 654-2801
E-Mail: gheller@linowes-law.com
    gsmith@linowes-law.com

Attorneys for Defendant,
MDRB Corp. t/a Ramada Limited Corp.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of April, 2006, a copy of the foregoing Motion to Dismiss for Improper Venue was sent by first-class, postage prepaid U.S. mail to:

Sean M. Hanifin
Benjamin G. Eggert
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040

Amina Farooq, as personal representative of
Estate of Nadir Farooq
328 16th Street, S.E.
Washington, D.C. 20003

By: _____s/_____
Gerald W. Heller

L&B 603984v1

6

DCRA: Registered Organization Search

Case 1:06-cv-01086-HHK   Document 1-12   Filed 06/15/2006   Page 7 of 7
Case 8:06-cv-003     DKC   Document 6-2   Filed 04/2  006   Page 1 of 7

Page 1 of 1




**DC HOME | ABOUT DC | RESIDENTS | BUSINESS | VISITORS | DC GOVERNMENT**

**WELCOME TO WASHINGTON District of Columbia**

Anthony A. Williams

## Organization Information

**DCRA HOME**

**SERVICES**
Basic Business License
Business Resource Center
Building/Land Regs
Compliance/Enforcement
Organization Registration
Inspections
Land Plats
Licensing Center
Building Plan Review
 Status
Permits

**INFORMATION**

**ONLINE SERVICE
 REQUESTS**

### Online Organization Registration
**Search Registered Organizations**

**Organization Details - Step** 1  2  **3**

To view another organization from the search, select the **Return to Search Results** button below. You may also **print** the organization details, or start a **new search**. Use the **Back to Main Page button** to continue the registration process.

**Organization**

**Organization Name:** MDRB, CORPORATION
**State:** MD
**Status:** ACTIVE
**Initial Date of Registration:** 6/11/1998
**File No.:** 981898
**Organization Type:** FOREIGN BUSINESS CORPORATION

**Registered Agent**

Mr. Stanley Travers
1101 Euclid St., NW; Wash, DC
Washington, DC 20001

[<< Back to Main Page]   [< Return To Search Results]   [Print Results]
[New Search]

---

For more information, contact the Corporation Division (202) 442-4400 or email us.

Government of the District of Columbia
Citywide Call Center : (202) 727-1000
TTY/TDD Directory

Telephone Directory by
Topic | Agencies | DC
Council | Search |
Elected Officials

Feedback | Translation
| Accessibility | Privacy
& Security | Terms &
Conditions

John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, DC 20004

EXHIBIT 1

http://mblr.dc.gov/corp/lookup/status.asp?id=189741                                              4/11/2006