UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

Essex Insurance Co,

      Plaintiff,

v.

MDRB Corp., *et al.*,

      Defendants.

CIVIL ACTION NO.: DKC06CV326

## MEMORANDUM IN OPPOSITION TO DEFENDANT MDRB CORP. t/a RAMADA LIMITED CORP.'S MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER

Plaintiff Essex Insurance Company ("Essex"), opposes defendant MDRB Corp. t/a

Ramada Limited Corp.'s ("MDRB") Motion to Dismiss for Improper Venue or, in the

Alternative, to Transfer, in order that this Court might maintain its proper and legitimate control

of this insurance coverage action. As set forth below, substantial activities related to this

insurance dispute took place in this district making venue in this Court proper and a transfer

unnecessary. Moreover, both in the underlying action and in other recent actions against it,

MDRB repeatedly has emphasized its Maryland contacts and the absence of any contacts

between it and the District of Columbia.

### ARGUMENT

### I. Venue In This Court Is Proper

When federal jurisdiction is founded solely on diversity of citizenship, venue is proper in:

"..., (2) a judicial district in which a substantial part of the events or omissions giving rise to the

claim occurred, or a substantial part of the property that is the subject of the action is situated,

..." 28 U.S.C. § 1391(a).

Venue can be, and often is, proper in more than one district. *See* Uffner v. La Reunion

Francaise, S.A., 244 F.3d 38, 42 (1st Cir. 2001) (stating that, "many circuits have interpreted the

legislative history of the 1990 amendment [to § 1391(a)] as evincing Congress's recognition that

when the events underlying a claim have taken place in different places, venue may be proper in

any number of districts."); First of Michigan Corp. v. Bramlet, 141 F.3d 260, 263 (6th Cir. 1998)

(holding that, "[i]n light of the amended language of § 1391(a)(2), we hold that in diversity of

citizenship cases the plaintiff may file his complaint in **any** forum where a substantial part of the

events or omissions giving rise to the claim arose; this includes **any** forum with a substantial

connection to the plaintiff's claim.") (emphasis added); Mtglq Investors v. Guire, 286 F.Supp.2d

561, 566 (D. Md. 2003) (holding that "§ 1391 no longer requires the court to identify the single

best venue for a plaintiff's claim"). Concerning the 1990 amendment to § 1391(a)(2), it has

definitively been stated that "district A should not be disqualified even if it is shown that the

activities in district B were more substantial, or even the most substantial. ... If the selected

district's contacts are 'substantial,' it should make no difference that another's are more so, or

the most so." First of Michigan Corp., 141 F.3d at 263 (citing David D. Diegel, Commentary on

the 1988 and 1990 Revisions of Section 1391, Subdivision (a), Clause (2), 28 U.S.C.A. § 1391

(1993)).

Plaintiff is entitled to select the forum in which an action should be litigated. This

selection should be accorded substantial weight and should rarely be disturbed. *See* Cross v.

Fleet Reserve Assoc. Pension, 383 F.Supp.2d 852, 856 (D. Md. 2005) ("Unless the balance of

factors 'is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be

disturbed.'" *quoting* Collins v. Straight Inc., 748 F.2d 916, 921 (4th Cir. 1984)); Holland v.

Psychological Assessment Resources, Inc., 2004 WL 964201, at *2 (D. Md. Apr. 27, 2004)

(holding that the plaintiff is typically entitled to select his forum).

MDRB's motion confuses the events that gave rise to the underlying assault and battery claim with those that pertain to this insurance coverage action. While the injuries to Mr. Farooq were inflicted in the District of Columbia, what is at issue here is not those injuries but the interpretation of an insurance policy issued to a Maryland corporation -- **a corporation that certified to the District of Columbia federal district court as recently as December 7, 2005 that it has no contacts with the District of Columbia.** *See* 12/7/05 Certification of Deepak Bhatnagar, *Waters v. MDRB Corp.*, Case 1:05-cv-02344-HHK (attached as Exhibit A). In that certification, MDRB emphasized that all aspects of its business, **including specifically its procurement of insurance, took place in Laurel, Maryland.** Id. at ¶2.

Both now and at the time of the underlying incident, MDRB was incorporated and existing under the laws of the state of the Maryland. Id. At the time of the underlying incident MDRB's principal place of business was located at 14612 Stratfield Circle, Laurel, MD 20707. MDRB is still located at this Laurel, Maryland address. Id. At the time of the underlying incident,

> **all aspects of [MDRB's] business** including, managing [MDRB's] accounts, dealing with mortgage holders of [MDRB's] business, **procuring insurance for the company,** completing various tax forms and filings, maintaining corporate records, and attending to other corporate matters

were conducted from MDRB's principal place of business in Laurel, Maryland. Id. (emphasis added). MDRB still conducts all of its business from its Laurel, Maryland address. MDRB has no corporate authority outside the state of Maryland. Id. "[MDRB] is not and has never been a corporation incorporated under the law of the District of Columbia." Id. "Since April 12, 2004, [MDRB] has had no office in the District of Columbia, and, since that date, it has conducted no operations there." Id.

In the assault action that underlies this insurance coverage action, MDRB similarly highlighted its substantial contacts with the state of Maryland and the absence of contacts with the District of Columbia. When opposing Plaintiff Amina Farooq's motion to remand in the *Farooq v. MDRB Corp., et al*, MDRB represented that it is a corporation incorporated under the laws of Maryland having its principal place of business in Maryland with **no business contacts in the District of Columbia** since April 12, 2004. *See* MDRB Corporation's Memorandum In Opposition To Plaintiff's Motion To Remand – Lack Of Diversity Jurisdiction, Case 1:06-cv-00211-RMC, 3/6/2006 (attached as Exhibit B). The United States District Court for the District of Columbia accepted these statements and found in MDRB's favor, denying plaintiff Farooq's motion to remand to the District of Columbia Superior Court. *See* Order Denying Plaintiff's Motion to Remand, Case 1:06-cv-00211-RMC, 3/22/2006 (attached as Exhibit C).

**II. Transfer To the United States District Court for the District of Columbia is Unnecessary**

When considering a motion to transfer venue, courts consider: "1) the weight accorded the plaintiff's choice of venue; 2) witness convenience and access; 3) convenience of the parties; and 4) the interest of justice." Cross, 383 F.Supp.2d at 856-57. The first factor weighs against transferring this action. As discussed above, a plaintiff's choice of venue is entitled substantial weight and favors this action remaining in this Court. Regarding the second factor, convenience and access of witnesses, Defendant MDRB has failed to identify a single witness that would be inconvenienced by this Court's retention of this action. In fact, MDRB would benefit from this Court's retention of this action based on its substantial contacts within this district. The geographic distance between this Court and the District Court for the District of Columbia is so minimal that this factor cannot favor transfer. *See* Id. at 857 (finding that because the geographic

proximity of Maryland and the Eastern District of Virginia is so close, any inconvenience to the parties would be "relatively slight."). The same analysis applies to the third factor as well. MDRB certainly cannot be inconvenienced by this action remaining in this Court when it has its principal place of business in this district and is incorporated in the State of Maryland. Regarding the fourth and final factor, the "interest of justice," this Court's retention of this action cannot possibly offend MDRB. MDRB certainly cannot be concerned about getting an unfair trial in its home district. This factor exists for the benefit of out-of-state defendants, not in-state defendants such as MDRB.

## CONCLUSION

**WHEREFORE**, Plaintiff, Essex, respectfully requests that Defendant MDRB's "Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer," be denied and this Court retain its proper and legitimate control of this action.

Dated: May 3, 2006

Respectfully Submitted,

By: _____
Sean M. Hanifin, D. Md. Bar No. 24274
ROSS, DIXON & BELL, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
Telephone: (202) 662-2000
Facsimile: (202) 662-2190
E-mail: shanifin@rdblaw.com

*Attorneys for Plaintiff*
*Essex Insurance Company*

**Of Counsel**
Benjamin C. Eggert
ROSS, DIXON & BELL, LLC
2001 K Street, N.W.
Washington, D.C. 20006-1040

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing is being served this 3rd day of May, 2006 either by Notice of Electronic Filing or first-class United States mail, postage prepaid upon:

Gerald W. Heller
Gareth S. Smith
7200 Wisconsin Avenue, Suite 800
Bethesda, MD 20814-4842

Amina Farooq, as personal representative of
Estate of Nadir Farooq
328 16th Street, S.E.
Washington, D.C. 20003

By: _____
      Sean M. Hanifin

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LAYLA WATERS
1536 Pine Street 3R
Philadelphia, PA 19102,

      Plaintiff,

                 Case 1:05-cv-02344-HHK

v.

MDRB CORPORATION
14612 Stratfield Cir.
Laurel, MD 20707,

      Defendant.

## CERTIFICATION OF DEEPAK BHATNAGAR

I, Deepak Bhatnagar, certify the following as true and correct:

1.    I am over eighteen years of age, am competent to make this affidavit, am authorized to do so, and have knowledge of the statements made herein.

2.    I am the founder, president, and owner, jointly with my wife, of MDRB Corporation ("MDRB"), a corporation incorporated and existing under the laws of the State of Maryland; MDRB is qualified to do business in Maryland, and it pays income and franchise taxes there. Since April 12, 2004, MDRB's principal place of business has been at 14612 Stratfield Circle, Laurel, Maryland 20707. From that location, I conduct all aspects of MDRB's business, including managing MDRB's accounts, dealing with mortgage holders of MDRB's property, procuring insurance for the company, completing various tax forms and filings, maintaining corporate records, and attending to other corporate matters. No corporate authority for MDRB resides outside of the State of Maryland. MDRB is not and never has been a corporation

incorporated under the laws of the District of Columbia. Since April 12, 2004, MDRB has had no office in the District of Columbia, and, since that date, it has conducted no operations there.

3.    From July 9, 1998 until April 12, 2004, MDRB both owned and operated a hotel located at 1600 New York Ave., N.E., Washington, D.C. and known during that time—but not thereafter—as the "Ramada Limited." Since April 12, 2004, MDRB has

Case 1:05-cv-02344-HHK    Document 1    Filed 12/07/2005    Page 3 of 17

leased the real property located at that address to PSM LLC, which has itself operated a hotel there known as the "President Inn." That lease with PSM LLC is a "triple-net" type through which the lessee bears full responsibility for all operations of the property, including the responsibility to pay for the operating expenses thereof (taxes, licenses, utilities, maintenance, insurance, etc.). PSM LLC's lease payments reduce an already agreed-upon purchase price for the property, and, in 2007, a balloon payment for the remaining balance of that purchase price becomes due. MDRB has or never has had any affiliation with or ownership interest in PSM LLC, nor have I.

4.    As a result of that lease agreement with PSM LLC, MDRB has operated, since April 12, 2004, only in the State of Maryland. Since that date, MDRB has had no business operations in the District of Columbia, nor has it had any employees in the District. More specifically, MDRB has had no involvement with the operations of PSM LLC or the President Inn, nor have I.

5.    I have never been a Registered Agent for MDRB in the District of Columbia or elsewhere (however, on November 15, 2005, I applied to become, for the first time, MDRB's registered agent in the State of Maryland, and I understand that application is pending as of this date, December 6, 2005).

2

6.      MDRB first became aware of this instant *Waters* suit as a result of

MDRB's lessee PSM LLC hand-delivering to me—on November 28, 2005—a copy of an

October 20, 2005 letter from plaintiff's counsel Richard E. Jordan, Esq.  That letter,

attached hereto as "Exhibit 2A," was addressed to me as MDRB's "Registered Agent"

(which, again, I have never been) and was sent to the address of the President Inn, at

1600 New York Ave., N.E., Washington, D.C.  Not since April 12, 2004 have I regularly

received mail at that address, nor has MDRB.

7.      Plaintiff's October 20, 2005 "Motion For Enlargement Of Time To File

Proof Of Service" filed with the Superior Court for the District of Columbia (found

within Exhibit 2A) asserts that plaintiff had initially attempted to effect service by

sending process "by registered mail, return receipt requested" but that she was thereby

unable "to secure service within 60 days of the issuance of Process."  Apparently on the

same day that that Motion was filed, Mr. Jordan sent the above-referenced October 20,

2005 letter addressed to me at the New York Avenue address of PSM LLC's current

President Inn hotel operations.  However, independent of what was contained in that

October 20, 2005 letter—which, again, I first learn of and received on November 28,

2005—I have no knowledge regarding plaintiff's asserted initial attempt to effect service

by sending process "by registered mail, return receipt requested."

3

Pursuant to 18 U.S.C. § 1746, I declare under penalty of perjury under the laws of

the United States of America that the foregoing is true and correct.

Executed on December 6, 2005.

Deepak Bhatnagar

4

# EXHIBIT B

Case 1:06-cv-01086-HHK    Document 1-13    Filed 06/15/2006    Page 13 of 23
     Case 8:06-cv-003  DKC    Document 7-3    Filed 05/0  006    Page 2 of 8
          Case 1:06-cv-00211-RMC    Document 6-1    Filed 03/06/2006    Page 1 of 7

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMINA FAROOQ,
Personal Representative Of The Estate
of NADIR FAROOQ, Deceased,

     Plaintiff,

     v.

MDRB CORPORATION
D/B/A RAMADA INN HOTEL, ET AL.,

     Defendants.

Civil Action No. 1:06-cv-00211-RMC

## MDRB CORPORATION'S
## MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S MOTION TO REMAND—LACK OF DIVERSITY JURISDICTION

Defendant MDRB Corporation ("MDRB"), by and through the undersigned counsel,

submits this response memorandum in opposition to the "Motion To Remand—Lack Of

Diversity Jurisdiction" ("Motion") filed by Plaintiff Amina Farooq ("Farooq").

**I.    PLAINTIFF'S JANUARY 3, 2006 SERVICE UPON CRAIG INGRAM WAS
NOT UPON MDRB'S REGISTERED AGENT**

Incorrectly, Plaintiff asserts "[t]hat Defendant's Register[ed] Agent was served with

process by certified mail on January 3, 2006." (Motion at 1, ¶ 1.) Although Plaintiff attaches a

copy of a "Domestic Return Receipt" from the U.S. Postal Service showing a delivery that date

to one "Craig Ingram," Plaintiff proffers no evidence that Craig Ingram was MDRB's registered

agent at that time. Indeed, Plaintiff could not do so.

As stated in the January 16, 2006 Certification of Deepak Bhatnagar (hereinafter,

"Bhatnagar January 2006 Cert.") submitted with MDRB's "NOTICE OF REMOVAL"

Case 1:06-cv-01086-HHK    Document 1-13    Filed 06/15/2006    Page 14 of 23
Case 8:06-cv-00DKC    Document 7-3    Filed 05/0006    Page 3 of 8
Case 1:06-cv-00211-RMC    Document 6-1    Filed 03/06/2006    Page 2 of 7

(Ct.Doc. 1 at 33-34 of 34), Mr. Bhatnagar was himself MDRB's registered agent in the State of Maryland on and since November 22, 2005:

> I have never been a Registered Agent for MDRB in the District of Columbia or elsewhere. However, on November 15, 2005, I applied to become, for the first time, MDRB's registered agent in the State of Maryland, and that application was granted on November 22, 2005.

A letter dated "12-06-2005" from the State of Maryland Department of Assessments and Taxation (attached as Exhibit 1 to the February 27, 2006 Certification of Deepak Bhatnagar (hereinafter, "Bhatnagar February 2006 Cert.")) was sent to Craig Ingram, Esq. to confirm that State's "11-22-2005" receipt of an MDRB corporate resolution; as reflected in that same State of Maryland letter (at the last page of Exhibit 1 to the Bhatnagar February 2006 Cert.), as of the "EFFECTIVE DATE" of "11-22-2005," the "PRINCIPAL OFFICE" of MDRB was located at "14612 STRATFIELD CIRCLE, LAUREL MD 20707."

Furthermore—and as is particularly relevant to Plaintiff's assertion that she served MDRB's registered agent "by certified mail on January 3, 2006" (Motion at 1, ¶ 1)—that same State of Maryland letter establishes that, as of that "11-22-2005" date, the corporation's "RESIDENT AGENT" was "DEEPAK BHATNAGAR," located at that same Laurel, Maryland address. (Exhibit 1 to the Bhatnagar February 2006 Cert., at the last page thereof.)

Thus, Plaintiff has failed to establish, and cannot in fact establish, that Mr. Ingram was MDRB's registered agent at the time he received the summons she had sent to him—January 3, 2006—or that he held any office with that corporation at that time such that his receipt of her summons on that date would charge MDRB with knowledge thereof. Mr. Ingram in fact held no corporate office with MDRB but, rather, he is merely MDRB's former resident agent in Maryland. (Bhatnagar February 2006 Cert. at 2, ¶ 5.) In sum, Plaintiff made no effective service upon MDRB through her sending a summons to Mr. Ingram, delivered on January 3, 2005.

Case 1:06-cv-01086-HHK    Document 1-13    Filed 06/15/2006    Page 15 of 23
    Case 8:06-cv-003⌢ ⌢DKC    Document 7-3    Filed 05/0⌢⌢006    Page 4 of 8
        Case 1:06-cv-002⌢⌢-RMC    Document 6-1    Filed 03/06/2006    Page 3 of 7

As earlier stated in an attachment to its NOTICE OF REMOVAL, MDRB first became

aware of this suit by Ms. Farooq

> as a result of plaintiff's counsel's faxing to MDRB's counsel—on January 5, 2006—a
> copy of the Complaint in that action; MDRB's counsel then apprised MDRB, through
> me, of the existence of that lawsuit. [Bhatnagar January 2006 Cert. at 3, ¶ 6.]

MDRB would further note in this regard that Plaintiff herself, through her counsel,

obtained from the Clerk of the Court of the Superior Court of the District of Columbia an

"ALIAS SUMMONS" issued by that clerk on that same date, "1/5/06." (Attachment to NOTICE

OF REMOVAL, Ct.Doc. 1 at 8 of 34.)  That summons was issued to be served upon:

> MDRB, CORPORATION D/B/A
> RAMADA INN HOTEL, ET AL.
> RESIDENT AGENT:
> DEEPAK BHATNAGAR
> 14612 STRATFIELD CIRCLE
> LAUREL, MD  20707

(*Id.*)  Thus, the record herein already indicates that Plaintiff recognized her error in trying to

serve, in early January 2006, Mr. Ingram as MDRB's agent for service of process when in fact

Mr. Ingram had been replaced more than a month earlier, by Mr. Bhatnagar, as the corporation's

service agent.  As a result, it is entirely unclear why, in her February 22, 2006 Motion, Plaintiff

claims that she did make effective service on MDRB on January 3, 2006.

## II.    FOR DIVERSITY OF JURISDICTION PURPOSES, THE TIME OF THE FILING OF HER SUIT, AND NOT THE TIME OF THE INCIDENT ALLEGED, CONTROLS THE ANALYSIS OF MDRB'S CITIZENSHIP

Plaintiff maintains that no diversity jurisdiction exists here because, "*at the time of the*

*incident alleged* in Plaintiff's Complaint, Defendant MDRB CORPORATION was a corporation

licensed and conducting business in the District of Columbia." (Motion at 1 ¶ 3 (emphasis

added).)

3

Case 1:06-cv-01086-HHK    Document 1-13    Filed 06/15/2006    Page 16 of 23
Case 8:06-cv-003    DKC    Document 7-3    Filed 05/0   006    Page 5 of 8
Case 1:06-cv-00211-RMC    Document 6-1    Filed 03/06/2006    Page 4 of 7

In this regard, though, Plaintiff makes no assertion that MDRB was in any way a citizen

of the District of Columbia for diversity jurisdiction purposes at the time she filed suit against

MDRB. To the contrary, the uncontradicted record here establishes that "Defendant MDRB

Corporation is a corporation incorporated and existing under the State of Maryland and having

its principal place of business in that state." *See* NOTICE OF REMOVAL at 2, ¶ 4, *citing* in

support ¶¶ 2-4 of the Bhatnagar January 2006 Cert. That certification further establishes,

without contradiction by Plaintiff, that—since April 12, 2004—MDRB (a) has done business

only in the State of Maryland and, correspondingly, (b) has done no business in the District of

Columbia. (NOTICE OF REMOVAL, Ct.Doc. 1 at 33 of 34, ¶ 4.)

Against this backdrop, Plaintiff errs in arguing that MDRB's citizenship at the time of the

incident in question—rather than at the time of her filing of her lawsuit—controls regarding

whether this Court has subject matter jurisdiction here:

> It has long been the case that "the jurisdiction of the Court depends upon the state of
> things at the time of the action brought." Mullen v. Torrance, 22 U.S. 537, 9 Wheat. 537,
> 539, 6 L. Ed. 154 (1824). This time-of-filing rule is hornbook law (quite literally **n2**)
> taught to first-year law students in any basic course on federal civil procedure. It
> measures all challenges to subject-matter jurisdiction premised upon diversity of
> citizenship against the state of facts that existed at the time of filing—whether the
> challenge be brought shortly after filing, after the trial, or even for the first time on
> appeal.
>
> > **n2** See, *e.g.*, J. Friedenthal, M. Kane, & A. Miller, Civil Procedure 27 (3d ed.
> > 1999); C. Wright & M. Kane, Law of Federal Courts 173 (6th ed. 2002). See also
> > 13B C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3608,
> > p 452 (1984).

*Grupo Dataflux v. Atlas Global Group, L. P.*, 541 U.S. 567, 570-71, 124 S.Ct. 1920, 1924, 158

L.Ed.2d 866 (2004).

Because (a) MDRB has been a citizen of the State of Maryland—and only that state—

since no later than April 12, 2004 (NOTICE OF REMOVAL, Ct.Doc. 1 at 33 of 34, ¶ 4) and

(b) Plaintiff, a District of Columbia citizen (*see, e.g.,* her Motion at 1, ¶ 2 ("at the

Case 1:06-cv-01086-HHK    Document 1-13    Filed 06/15/2006    Page 17 of 23
    Case 8:06-cv-003   DKC    Document 7-3    Filed 05/0_006    Page 6 of 8
       Case 1:06-cv-00211-RMC    Document 6-1    Filed 03/06/2006    Page 5 of 7

commence[ment] of this action all parties were believed to be domiciled in the District of

Columbia")) did not file her suit in this case until May 2005 (*see, e.g.,* NOTICE OF REMOVAL,

Ct.Doc. 1 at 22 of 34, ¶ 4 ("RECEIVED" stamp of that case, numbered "05-0003395")), Plaintiff

has no valid grounds to argue that this Court lacks diversity jurisdiction based upon a supposed

lack of diversity of citizenship vis-à-vis MDRB's citizenship and her own.[1]

## III.    THE CITIZENSHIP OF PLAINTIFF'S "JOHN DOE" AND "RICHARD ROE" DEFENDANTS IS IRRELEVANT FOR DIVERSITY OF JURISDICTION PURPOSES

Plaintiff also maintains, also incorrectly, that no diversity jurisdiction exists here because

it is somehow MDRB's burden to establish the citizenship of her two unnamed defendants.

In making that argument (Motion at 1-2, ¶¶ 3-10), and doing so once again without

benefit of reference to any legal authority, Plaintiff does not respond to MDRB's earlier

statement on this very point: "Two other defendants have been sued under fictitious names—

'John Doe' and 'Richard Roe'—and their citizenship is therefore disregarded for purposes of

removal. 28 U.S.C. § 1441(a)." NOTICE OF REMOVAL at 2, ¶ 4. The relevant portion from

that portion of the United States Code headed "Actions removable generally" states: "For

purposes of removal under this chapter, the citizenship of defendants sued under fictitious names

shall be disregarded." 28 U.S.C. § 1441(a). As the citizenship of Plaintiff's fictitiously named

defendants "John Doe" and "Richard Roe" is expressly disregarded under this statutory

---

[1] For the sake of completeness, MDRB would note that Plaintiff asserts as well that no diversity jurisdiction exists here because "at the commence[ment] of this action all the parties were believed to be domiciled in the District of Columbia." (Motion at 1 ¶ 2.) However, Plaintiff presents no argument as to why her supposed belief in this regard, in terms of MDRB's citizenship, should somehow be determinative of, or even relevant to, the jurisdiction of this Court. MDRB would respectfully suggest that, in fact, her belief, in terms of MDRB's citizenship, has no such relevance.

Case 1:06-cv-01086-HHK   Document 1-13   Filed 06/15/2006   Page 18 of 23
Case 8:06-cv-003   DKC   Document 7-3   Filed 05/0_   006   Page 7 of 8
Case 1:06-cv-00211-RMC   Document 6-1   Filed 03/06/2006   Page 6 of 7

provision, MDRB has no burden to establish that citizenship in terms of the removal of this action from the Superior Court for the District of Columbia.

## IV.   CONCLUSION

Because diversity of citizenship exists in this case, because MDRB's removal from the Superior Court for the District of Columbia was timely, and because all other requirements for removal have been met in this instance, Plaintiff Amina Farooq's Motion To Remand must be denied.

Respectfully submitted,

/s/ Paul A. Fitzsimmons

Thomas S. Schaufelberger, Bar No. 371934
Paul A. Fitzsimmons, Bar No. 444829
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W.
Suite 920
Washington, D.C.  20015
(202) 895-7209

Counsel for MDRB Corporation

6

Case 1:06-cv-01086-HHK   Document 1-13   Filed 06/15/2006   Page 19 of 23
Case 8:06-cv-003.   DKC   Document 7-3   Filed 05/0. 006   Page 8 of 8
Case 1:06-cv-00211-RMC   Document 6-1   Filed 03/06/2006   Page 7 of 7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing is being served this 6th day of March, 2006 either by Notice of Electronic Filing or first-class United States mail, postage prepaid upon:

> Othello G. Jones, Jr., Esq.
> Attorney at Law
> Anacostia Professional Building
> 2041 Martin Luther King Jr. Ave., S.E.
> Suite 244
> Washington, D.C.  20020
>
> (202) 889-1010
> FAX (202) 889-1375

/s/ Paul A. Fitzsimmons

_____

Paul A. Fitzsimmons

7

# EXHIBIT C

Case 1:06-cv-01086-HHK    Document 1-13    Filed 06/15/2006    Page 21 of 23
Case 8:06-cv-003:  DKC    Document 7-4    Filed 05/0:  206    Page 2 of 4
Case 1:06-cv-002:1-RMC    Document 8    Filed 03/22/2006    Page 1 of 3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMINA FAROOQ, Personal )<br>Representative of the Estate of Nadir )<br>Farooq, )<br> )<br>          Plaintiff, )<br> )<br>     v. )<br> )<br>MDRB CORPORATION D/B/A )<br>RAMADA INN HOTEL, ET AL., )<br> )<br>          Defendants. )<br>_____ ) | Civil Action No. 06-211 (RMC) |

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Plaintiff, Amina Farooq, filed this suit in the Superior Court of the District of
Columbia against Defendants, MDRB Corporation ("MDRB"), John Doe d/b/a Taking Care of
Business (Event Sponsor), and Richard Roe Security. On February 6, 2006, MDRB removed this
case to federal district court, based on diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has
moved to remand, claiming 1) the removal was not timely and 2) there is not complete diversity of
citizenship between the parties.

A removal is timely if it is filed within thirty days after the receipt by the defendants
of a copy of the initial pleading. 28 U.S.C. §1446(b). Here, Plaintiff contends that she served
MDRB by certified mail addressed to its registered agent, Craig Ingram, on January 3, 2006 and that
MDRB did not remove this case until February 6, 2006, more than thirty days later. However, Craig
Ingram was MDRB's former registered agent, not its current registered agent. Def.'s Opp'n Att. 1,
Certification of Deepak Bhatnagar ("Cert. of Bhatnagar"). On January 3, 2006, MDRB's registered
agent was Deepak Bhatnagar. *Id.* ¶ 4 On January 5, 2006, MDRB received a copy of the complaint

Case 1:06-cv-01086-HHK      Document 1-13      Filed 06/15/2006      Page 22 of 23
Case 8:06-cv-003:    )KC      Document 7-4      Filed 05/0:   )06      Page 3 of 4
Case 1:06-cv-00211-RMC      Document 8      Filed 03/22/2006      Page 2 of 3

from Plaintiff's counsel. *Id.* ¶5. Thirty days after January 5, was February 5, a Sunday. Pursuant to Fed. R. Civ. P. 6(a), the last day of a period of time shall not be included if it is a Sunday. Thus, MDRB's notice of removal, which was filed on February 6, 2006, was filed within thirty days after MDRB received a copy of the complaint in this matter. The notice of removal was timely.

Jurisdiction is determined based on the facts as they existed at the time the case was filed. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004). A court lacks diversity jurisdiction if there are litigants from the same state on opposing sides of the controversy. 28 U.S.C. § 1332(a)(1); *see Prakash v. American Univ.*, 727 F.2d 1174, 1178 n.25 (D.C. Cir. 1984). A corporation is deemed to be a citizen of the state in which it is incorporated *and* the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business for a corporation is usually its headquarters, where day-to-day business is conducted. *Masterson-Cook v. Criss Bros. Iron Works, Inc.*, 722 F. Supp. 810, 812 (D.D.C. 1989). Further, the citizenship of defendants sued under fictitious names must be disregarded for removal purposes. 28 U.S.C. § 1441(a).

In this case, Plaintiff is a resident of the District of Columbia. MDRB is a corporation incorporated in Maryland. Cert. of Bhatnagar ¶ 2. MDRB also has its principal place of business in Maryland. Cert. of Bhatnagar ¶ 3. Plaintiff contends that there is not complete diversity in this case because some of the members of Richard Roe, an unincorporated association, may be residents of the District of Colombia. Plaintiff ignores the fact that she sued the other defendants, John Doe d/b/a Taking Care of Business (Event Sponsor) and Richard Roe Security, under ficticious names and their citizenship is disregarded for the purpose of determining diversity jurisdiction. 28 U.S.C. § 1441(a). Thus, complete diversity exists, and this Court has jurisdiction in this matter.

-2-

Case 1:06-cv-01086-HHK    Document 1-13    Filed 06/15/2006    Page 23 of 23
Case 8:06-cv-003:    DKC    Document 7-4    Filed 05/0: 006    Page 4 of 4
Case 1:06-cv-002-1-RMC    Document 8    Filed 03/22/2006    Page 3 of 3

Accordingly it is hereby

**ORDERED** that Plaintiff's motion to remand [Dkt. # 4] is **DENIED**.

**SO ORDERED**.

Date:    March 22, 2006

/s/

ROSEMARY M. COLLYER
United States District Judge
