UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| ESSEX INSURANCE CO., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. DKC06CV326 |
| | * | |
| MDRB CORP., *et al.*, | * | |
| | * | |
| Defendants. | * | |

### DEFENDANT MDRB CORPORATION'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER

Defendant, MDRB Corporation, t/a Ramada Limited Corp. ("MDRB"), by and through its undersigned counsel, hereby submits this Reply to the Opposition to its Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer filed the above entitled action. In support of this Reply, MDRB states as follows:

**I.  Factual Background**

Plaintiff, Essex Insurance Company ("Essex"), has brought this action seeking declaratory relief regarding its duty to defend under a Commercial General Liability Policy issued to MDRB (the "Policy"). (Compl. ¶ 1 and Exhibit B thereto.) The Policy identifies the "Named Insured and Mailing Address" as "RAMADA LIMITED CORP., MDRB CORP. T/A, 1600 New York Ave., NE, Washington, DC 2002." (Compl., Exhibit B, unnumbered page 2.) The property subject to the Policy is a Ramada Inn ("Ramada Inn" or "Hotel") located at that Washington D.C. address.

The policy period is specified as July 10, 2002 to July 10, 2003 (Compl. ¶ 1; Compl., Exhibit B, unnumbered page 2). On or about September 27, 2002, during this policy period, a fatal attack allegedly occurred during a patron's private party at the Hotel, ultimately leading to the filing of a civil complaint in 2005 in the Superior Court of the District of Columbia captioned *Farooq v. MDRB Corporation, et al.* ("Farooq Action") (Compl., Exhibit A). The Farooq Action seeks damages against MDRB and others for the alleged wrongful death of the victim of the attack, Nadir Farooq, a resident and citizen of the District of Columbia. The Farooq Action was thereafter removed to the United States District Court for the District of Columbia (Civil Action No. 06-CV-00211-RMC), where it remains pending.

In the instant action filed in this court, Essex seeks a declaration that it has no obligation to pay MDRB for coverage or defense in connection with the Farooq Action. MDRB contends that Essex is required to provide a defense and pay the costs thereof, as well as any judgment that may be rendered against MDRB in the Farooq Action filed in the District of Columbia. Furthermore, under the Policy, MDRB has the right to select "the jurisdiction of any court of competent jurisdiction" to adjudicate Essex's failure to pay any amount claimed by MDRB pursuant to the Policy. Specifically, "in the event of the failure of [Essex] to pay any amount claimed to be due [under the Policy]," Essex, "at the request of [MDRB], will submit to the jurisdiction of any court of competent jurisdiction within the United States of America...." (Compl., Exhibit B, unnumbered page 5)

MDRB contends that venue is improperly asserted in this judicial district and this action should be dismissed. In the alternative, MDRB requests the transfer of this action to the United States District Court for the District of Columbia pursuant to the terms of the Policy, as well as 28 U.S.C. §§ 1404 or 1406.

2

II. **Argument**

In its Opposition, Essex erroneously contends that venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(a)(2), particularly, the first phrase of that subsection that permits an action to be filed in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . ." Thus, Essex asserts, "substantial activities related to this insurance dispute took place in this district [i.e., Maryland] making venue in this Court proper and transfer unnecessary." (Plaintiff's Opposition, p. 1.) Essex is mistaken.

MDRB acknowledges that in April 2004, approximately a year and a half following the alleged attack referenced in the Farooq Action, MDRB relocated its principal place of business from the Hotel in the District of Columbia to Maryland. (See Affidavit of Deepak Bhatnagar attached as Exhibit 2 hereto).[1]  Essex repeatedly cites this fact in its Opposition. But Essex's argument misconstrues the relevant and appropriate venue inquiry, and by no means satisfies the statutory requirement that "a substantial part of the events or omissions giving rise to the claim occurred" in Maryland. In fact, this is not the case, as *all* of the "events or omissions giving rise to the claim occurred" in the District of Columbia, not Maryland.

Essex, moreover, misreads the Certification of Deepak Bhatnagar attached to Plaintiff's Opposition as Exhibit A. Essex incorrectly claims, for example, that "At the time of underlying incident

> 'all aspects of [MDRB's] business including, managing [MDRB's] accounts, dealing with mortgage holders of [MDRB's] business, procuring insurance for the company, completing various tax forms and filings, maintaining corporate records and attending to other corporate matters.'"

(Plaintiff's Opposition, p. 3.)

---

[1]  MDRB's Exhibit 1 was attached to, and included as part of, its initial Motion.

3

In reality, these activities itemized by Essex occurred post-April 12, 2004. At the time of the "underlying incident" -- the date of the attack alleged in the Farooq Action, September 27, 2002 -- MDRB owned and operated the Hotel located in the District of Columbia and conducted all of its business (including those business activities later conducted in Maryland after April 12, 2004) in the District of Columbia. (See Affidavit of Deepak Bhatnagar attached hereto as Exhibit 2.)

In its Complaint, Essex asserts, as it must, that "At all times relevant to this dispute, [MDRB] owned and operated the Ramada Inn Motel located at 1600 New York Avenue, N.W. (sic), Washington, D.C. that is the subject to the Farooq Complaint." (Compl. ¶ 4.) The Policy at issue in this case was procured and paid for in the District of Columbia, and the insurance agent met with MDRB's President, Mr. Bhatnagar, at the Hotel in the District of Columbia to sell MDRB the Policy. (See Affidavit of Deepak Bhatnagar, Exhibit 2). The Policy itself identifies the "Mailing Address" of MDRB (where, for example, all notices under the Policy were to be sent) as MDRB's District of Columbia address. The attack alleged in the Farooq Action occurred in September 2002 in the District of Columbia; and the criminal investigation, trial and sentencing of the perpetrator all occurred in the District of Columbia. Presently, MDRB's sole business is the lease/sale of the Hotel. (See Affidavit of Deepak Bhatnagar, Exhibit 2.)

Furthermore, the event that is the subject of Essex's insurance obligation under the Policy is the Farooq Action filed in the Superior Court of the District of Columbia, by a Personal Representative of an estate appointed by that District of Columbia court, concerning a decedent who was also a citizen of the District of Columbia (Compl. Exhibit A, ¶'s 2, 3.) To argue, based on these facts, that "a substantial part of the events or omissions giving rise" to Essex's claim for declaratory relief occurred in Maryland is without merit. Rather, in this case "'the entire sequence of events underlying [Essex's] claim,'" *Mitrano v. Harris*, 377 F.3d 402, 405 (4th Cir. 2004), *quoting First of*

4

*Mich. Corp. v. Bramlet,* 141 F.3d 260, 264 (6th Cir. 1998), including the underlying Farooq Action, is firmly and exclusively grounded in the District of Columbia, not Maryland. Despite Essex's protestations to the contrary, no substantial part of the events or omissions giving rise to Essex's claim occurred in Maryland.

Under the terms of the Policy, moreover, MDRB has the right to select the forum to resolve this matter. Essex requests this Court to issue a declaratory judgment that no insurance coverage exists and, hence, it has no obligation to pay defense costs in the Farooq Action and any judgment that may be rendered in that litigation. Essex's Opposition, however, fails to mention, much less rebut, MDRB's argument that the Policy confers MDRB the right to select the appropriate forum. Essex's silence on this point is telling.

MDRB contends that Essex is required to pay on-going defense costs and any judgment against it in the Farooq Action. Under the Policy, MDRB has the right to select "the jurisdiction of any court of competent jurisdiction" to adjudicate Essex's failure to pay any amount claimed by MDRB pursuant to the Policy. In particular, "in the event of the failure of [Essex] to pay any amount claimed to be due [under the Policy]," Essex, "at the request of [MDRB], will submit to the jurisdiction of any court of competent jurisdiction within the United States of America...." (Compl., Exhibit B, unnumbered page 5.) By filing this declaratory judgment action, Essex impermissibly attempts to foreclose and deny MDRB's contractual right under the Policy to select the forum where this matter is to be resolved.

To the extent this declaratory judgment action is not dismissed, MDRB specifically requests that this action be transferred, pursuant to the Policy and 28 U.S.C. §§ 1404 or 1406, to the United States District Court for the District of Columbia. This transfer, moreover, would further judicial

economy since the underlying Farooq Action and this action could be adjudicated in the same forum.

### III.  CONCLUSION

For the foregoing reasons and those reasons stated in its Motion, MDRB requests dismissal of the instant action, or, alternatively, transfer to the United States District Court for the District of Columbia.

Dated: May 17, 2006

Respectfully submitted,

**LINOWES AND BLOCHER LLP**

By: _____/s/_____
    Gerald W. Heller
    Bar No.: 9145
    Gareth S. Smith
    Bar No.: 16661
7200 Wisconsin Avenue, Suite 800
Bethesda, MD 20814-4842
Telephone: (301) 654-0504
Facsimile: (301) 654-2801
E-Mail:  gheller@linowes-law.com
        gsmith@linowes-law.com

Attorneys for Defendant,
MDRB Corp. t/a Ramada Limited Corp.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of May, 2006, a copy of the foregoing Reply to Plaintiff's Opposition to Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer was sent by first-class, postage prepaid U.S. mail to:

Sean M. Hanifin
Benjamin G. Eggert
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040

Amina Farooq, as personal representative of
Estate of Nadir Farooq
328 16th Street, S.E.
Washington, D.C. 20003

By: _____/s/_____
Gerald W. Heller

L&B 620575v1

# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

ESSEX INSURANCE CO.,

    Plaintiff,

v.                            Civil Action No. DKC06CV326

MDRB CORP., *et al.*,

    Defendants.

### AFFIDAVIT OF DEEPAK BHATNAGAR

I, Deepak Bhatnagar, state and affirm that the following statements are true and correct and based on my personal knowledge:

1. I am over 18 years of age, am competent to make this Affidavit, and have personal knowledge of the facts stated herein. I submit this Affidavit in connection with MDRB's Motion to Dismiss for Improper Venue Or, In the Alternative, to Transfer.

2. I have read the "Memorandum in Opposition to Defendant MDRB Corp. T/A Ramada Limited Corp. as Motion to Dismiss for Improper Venue or, in the Alternative to Transfer." That Opposition misinterprets certain statements made by me in my "Certification of Deepak Bhatnagar" ("Certification") attached as Exhibit A to that Opposition.

3. As stated in the Certification, since April 12, 2004, MDRB's principal place of business has been located in Laurel, Maryland. Since that April 12, 2004 date, I have conducted MDRB's business from that Laurel location, including managing MDRB's accounts,

procuring insurance for the company, and the other activities enumerated in Paragraph 2 of my Certification.

4. However, prior to April 12, 2004, MDRB's principal place of business was located at its hotel located at 1600 New York Avenue, NE, Washington, D.C. As stated in paragraph 3 of my Certification, from July 9, 1988 until April 12, 2004, MDRB both owned and operated this hotel, known at that time as the "Ramada Limited." During the time period between July 9, 1998 and April 12, 2004, I conducted all aspects of MDRB's business from my office located in the hotel in Washington, D.C. This included, for example, procuring insurance for MDRB, including the policy attached to Plaintiff's Complaint in this matter. In connection with that particular policy, the insurance agent visited me at the hotel's Washington, D.C. address and sold MDRB that policy, which MDRB paid for from its Washington, D.C. address. The policy was mailed or otherwise delivered to MDRB at the hotel, and the "Mailing Address" as stated the policy is MDRB's Washington, D.C. address.

5. Since April 12, 2004 MDRB has leased its District of Columbia real property to a third party which now operates the hotel as stated in Paragraph 3 of my Certification.

6. After April 12, 2004, I no longer had an office at the hotel in which to conduct business. Accordingly, I moved MDRB's office to the Laurel, Maryland address identified in my Certification, from which I continue to conduct MDRB's business, which consists solely of leasing MDRB's District of Columbia hotel property as stated in my Certification and business activities incident thereto.

I DO SOLEMNLY DECLARE AND AFFIRM under the penalties of perjury that the foregoing facts are true upon my personal knowledge.

_____
Deepak Bhatnagar

* * *

STATE OF MARYLAND          *
                           *
COUNTY OF MONTGOMERY       *

Subscribed and sworn before me this __15th__ day of __May__, 2006.

_____
Notary Public   Ross M. Clemens

My Commission Expires: __3/1/08__

L&B 620571v2

3