UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESSEX INSURANCE CO., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:06-CV-01086-HHK |
| | * | |
| MDRB CORP., *et al.*, | * | |
| | * | |
| Defendants. | * | |

**DEFENDANT MDRB CORPORATION'S ANSWER TO COMPLAINT
AND DEMAND FOR JURY TRIAL**

Defendant, MDRB Corporation, t/a Ramada Limited Corp. ("MDRB"), by and through its undersigned counsel, files its Answer to the Complaint for Declaratory Relief ("Complaint") filed by Plaintiff, Essex Insurance Company ("Essex").  This action was transferred to the United States District Court for the District of Columbia from the United States District Court for the District of Maryland because of improper venue per that Court's Memorandum Opinion and Order entered June 7, 2006.

In response to the specific numbered paragraphs of the Complaint, Defendant MDRB answers as follows:

1.      Paragraph 1 of the Complaint contains a characterization by Essex of this action and therefore requires no response by Defendant MDRB.

2.      Paragraph 2 of the Complaint contains a characterization of the relief requested by Essex in this action and requires no response by Defendant MDRB.  Defendant MDRB denies that Essex is entitled to the relief it describes in Paragraph 2 of the Complaint and further denies

that Essex is entitled to any relief as requested in the Complaint. Upon information and belief, Defendant MDRB admits that the "Farooq Complaint" attached as <u>Exhibit A</u> to Essex's Complaint is a true copy of the Complaint presently pending in this Court in Civil Action No. 06-CV-0211-RMC.

3. Defendant MDRB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Defendant MDRB admits that it is a corporation incorporated under the laws of Maryland with its principal place of business presently located in Laurel, Maryland. Defendant MDRB admits that it owned and operated a Ramada Inn Hotel located at 1600 New York Avenue, NE, Washington, D.C. for a period of time.

5. Defendant MDRB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains characterizations and legal conclusions to which Defendant MDRB need not respond. To the extent a response is necessary, Defendant MDRB denies the allegations contained in Paragraph 6 of the Complaint. Defendant MDRB further avers that Essex's Complaint and its requested relief are premature. Essex's Complaint does not present an actual, ripe or live controversy between the parties subject to disposition at this time because the "Farooq Action" currently pending before this Court in Civil Action No. 06-CV-0211 RMC has not been fully adjudicated.

7. Defendant MDRB admits that it is incorporated under the laws of Maryland and that it presently has its principal place of business in Maryland, but denies that Maryland is a proper venue for this action.

8. Defendant MDRB admits that Essex issued an insurance policy for the period July 10, 2002 to July 10, 2003. Upon information and belief, a true and correct copy of that policy is attached to Essex's Complaint as <u>Exhibit B</u> ("Policy").

9. Defendant MDRB states that the referenced Policy speaks for itself and denies any characterizations of the terms and conditions and limitations of the Policy as stated in Paragraph 9 of the Complaint.

10. Defendant MDRB states that the Complaint filed in the Farooq Action speaks for itself. Defendant MDRB denies any and all allegations or wrongdoing in connection with the Farooq Action.

11. Defendant MDRB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, other than to admit, upon information and belief, that Mr. Farooq was stabbed with a knife and that he died thereafter.

12. Defendant MDRB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendant MDRB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant MDRB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendant MDRB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Defendant MDRB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant MDRB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Defendant MDRB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Defendant MDRB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Defendant MDRB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant MDRB is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, other than to admit that the Complaint in the Farooq Action was filed, which Complaint speaks for itself. Defendant MDRB denies any and all allegations of wrongdoing or liability alleged in the Farooq Action.

22. Defendant MDRB avers that the Complaint in the Farooq Action speaks for itself. Defendant MDRB denies any and all allegations of wrongdoing or liability alleged in the Farooq Action.

23. Defendant MDRB states that the Complaint in the Farooq Action speaks for itself. Defendant MDRB denies any and all allegations of wrongdoing or liability in connection with the Farooq Action.

24. Defendant MDRB states that the Complaint in the Farooq Action speaks for itself. Defendant MDRB denies any and all allegations of wrongdoing or liability in connection with the Farooq Action.

25. Defendant MDRB states that the Complaint in the Farooq Action speaks for itself. Defendant MDRB denies any and all allegations of wrongdoing or liability in connection with the Farooq Action.

26. Defendant MDRB states that the Complaint in the Farooq Action speaks for itself. Defendant MDRB denies any and all allegations of wrongdoing or liability in connection with the Farooq Action.

27. Defendant MDRB states that the Complaint in the Farooq Action speaks for itself. Defendant MDRB denies any and all allegations of wrongdoing or liability in connection with the Farooq Action.

28. Paragraph 28 contains a legal conclusion to which MDRB is not required to respond. To the extent response is required, MDRB denies the allegations contained in Paragraph 28 of the Complaint. Defendant MDRB further avers that Essex's Complaint and its requested relief are premature. Essex's Complaint does not present an actual, ripe or live controversy between the parties subject to disposition at this time because the "Farooq Action" currently pending before this Court in Civil Action No. 06-CV-0211 RMC has not been adjudicated.

29. Defendant MDRB repeats and incorporates by reference its answers to Paragraphs 1-28 of this Answer.

30. Paragraph 30 of the Complaint contains characterizations of the Policy, the terms of which speak for themselves. Defendant MDRB avers that there is insurance coverage or the potentiality of such coverage for MDRB in connection with the Farooq Action.

31. Paragraph 31 of the Complaint contains characterizations of the Policy, the terms of which speak for themselves. Defendant MDRB avers that there is insurance coverage or the potentiality of such coverage for MDRB in connection with the Farooq Action.

32. Paragraph 32 of the Complaint contains characterizations of the Policy, the terms of which speak for themselves. Defendant MDRB avers that there is insurance coverage or the potentiality of such coverage for MDRB in connection with the Farooq Action.

33. Paragraph 33 of the Complaint characterizes the Farooq Complaint and the criminal complaint and conviction of Littlejohn that requires no response by Defendant MDRB. To the extent a response is required, Defendant MDRB denies the allegations contained in Paragraph 33 of the Complaint and further avers that the Policy provides insurance coverage or the potentiality of insurance coverage in connection with the Farooq Action.

34. Paragraph 34 of the Complaint contains legal conclusions to which MDRB is not required to respond. To the extent response is required, Defendant MDRB denies those allegations and further avers that the Policy provides insurance coverage or the potentiality of insurance coverage in connection with the Farooq Action.

35. MDRB denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant MDRB repeats and incorporates by reference its answers to Paragraphs 1-35 of this Answer.

37. Paragraph 37 of the Complaint contains characterizations of the Policy, the terms of which speak for themselves. Defendant MDRB avers that there is insurance coverage or the potentiality of such coverage for MDRB in connection with the Farooq Action.

38. Paragraph 38 of the Complaint contains characterizations of the Policy, the terms of which speak for themselves. Defendant MDRB avers that there is insurance coverage or the potentiality of such coverage for MDRB in connection with the Farooq Action.

39. Defendant MDRB states that the Complaint in the Farooq Action speaks for itself. Defendant MDRB denies any and all allegations of wrongdoing or liability in connection with the Farooq Action.

40. Defendant MDRB denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant MDRB repeats and incorporates by reference its answers to Paragraphs 1-40 of this Answer.

42. Paragraph 42 of the Complaint contains characterizations of the Policy, the terms of which speak for themselves. Defendant MDRB avers that there is insurance coverage or the potentiality of such coverage for MDRB in connection with the Farooq Action.

43. Defendant MDRB states that the Complaint in the Farooq Action speaks for itself. Defendant MDRB denies any and all allegations of wrongdoing or liability in connection with the Farooq Action.

44. Defendant MDRB denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant MDRB repeats and incorporates by reference its answers to Paragraphs 1-44 of this Answer.

46. Paragraph 46 of the Complaint contains characterizations of the Policy, the terms of which speak for themselves. Defendant MDRB avers that there is insurance coverage or the potentiality of such coverage for MDRB in connection with the Farooq Action.

47.     Defendant MDRB denies the allegations contained in Paragraph 47 of the Complaint. In response to Essex's "Prayer for Relief" Defendant MDRB denies that Essex is entitled to any of its requested relief and avers and Essex's Complaint and requested relief is premature.

## GENERAL DENIAL

Any allegation contained in Essex's Complaint not specifically addressed in the above Answer is hereby denied.

## FIRST AFFIRMATIVE DEFENSE

Essex's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The underlying Farooq Action remains pending in the United States District Court for the District of Columbia (Civil Action No. 06-CV-0211-RMC) and therefore Essex's Complaint and requested relief are premature. Essex's Complaint does not allege or present an actual, ripe or live controversy between the parties subject to disposition at this time, and Essex is not entitled to any declaratory relief.

## THIRD AFFIRMATIVE DEFENSE

Under the terms of the Policy, there exists insurance coverage or the potentiality of insurance coverage for the Farooq Action and therefore Essex is required to defend and indemnify its insured, Defendant MDRB, in connection with the Farooq Action. Essex has filed this Complaint in bad faith in an attempt to avoid its insurance obligations. As a result of Essex's actions, the insured, Defendant MDRB, has been required to incur attorneys' fees and expenses to defend against Essex's Complaint. Defendant MDRB requests its attorneys' fees and expenses in connection with this and the underlying Farooq Action.

**FOURTH AFFIRMATIVE DEFENSE**

In the event this Court concludes that Defendant MDRB is not entitled to insurance coverage for the Farooq Action, this is because Essex and/or its agent sold MDRB an improper and inappropriate insurance policy for the type, character and location of Defendant MDRB's business. Essex and/or its agent failed to obtain and sell to Defendant MDRB an appropriate policy for the risks and events likely to be encountered in the operation of Defendant MDRB's business. Essex and/or its agent also failed to properly warn and advise Defendant MDRB that the Policy at issue in this case was inappropriate for Defendant MDRB's business purposes, operations and likely risks to be encountered.

**FIFTH AFFIRMATIVE DEFENSE**

Essex' Complaint is barred by Essex and/or its agent's contributory negligence.

**SIXTH AFFIRMATIVE DEFENSE**

Essex's Complaint is barred by its assumption of the risk.

**SEVENTH AFFIRMATIVE DEFENSE**

Essex's Complaint is barred by its "unclean hands."

**EIGHTH AFFIRMATIVE DEFENSE**

Essex's Complaint is barred by a failure of consideration.

**NINTH AFFIRMATIVE DEFENSE**

Essex's Complaint is barred by the doctrines of waiver and estoppel.

**TENTH AFFIRMATIVE DEFENSE**

Essex's Complaint is barred by doctrine of mutual mistake.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant MDRB reserves the right to assert any defense raised by any co-defendant and to add additional affirmative defenses as this litigation proceeds.

**WHEREFORE**, having answered the Complaint, Defendant MDRB requests the following relief:

(i) that Essex's Complaint be dismissed with prejudice;

(ii) that the Court issue a declaration that Essex is required to provide and pay for Defendant MDRB's defense in the Farooq Action and pay and indemnify Defendant MDRB in connection with any adverse judgment rendered in that case;

(iii) that the Court grant and award Defendant MDRB's attorney's fees, costs and expenses in connection with this case and the Farooq Action;

(iv) that the Court grant and award Defendant MDRB such further and additional relief as is just and proper.

Respectfully submitted,

**LINOWES AND BLOCHER LLP**

By: /s/ *Gerald W. Heller*
Gerald W. Heller
Bar No.: 342857
7200 Wisconsin Avenue, Suite 800
Bethesda, MD  20814-4842
Telephone:  (301) 961-5178
Facsimile:  (301) 654-2801
E-Mail:  gheller@linowes-law.com

Attorneys for Defendant,
MDRB Corp. t/a Ramada Limited Corp.

## DEMAND FOR JURY TRIAL

Defendant MDRB demands a jury trial on all issues so triable.

                Respectfully submitted,

                **LINOWES AND BLOCHER LLP**


                By:    /s/  *Gerald W. Heller*
                      Gerald W. Heller
                Bar No.: 342857
                7200 Wisconsin Avenue, Suite 800
                Bethesda, MD 20814-4842
                Telephone: (301) 961-5178
                Facsimile: (301) 654-2801
                E-Mail: gheller@linowes-law.com

                Attorney for Defendant,
                MDRB Corp. t/a Ramada Limited Corp.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July, 2006, a copy of the foregoing Defendant MDRB Corporation's Answer To Complaint and Demand For Jury Trial was sent by first-class, postage prepaid U.S. mail to:

Sean M. Hanifin
Benjamin G. Eggert
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040

Othello C. Jones, Jr.
Anacostia Professional Building
2041 Martin Luther King, Jr. Ave. SE, Suite 244
Washington, DC 20020

By: /s/ *Gerald W. Heller*
      Gerald W. Heller