UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Essex Insurance Company,

    Plaintiff,

v.

MDRB Corp. t/a Ramada Limited Corp., *et al.*

    Defendants.

Civil Action No. 1:06-cv-01086-HHK

### LOCAL RULE 16.3(d) REPORT SUBMITTED BY ESSEX INSURANCE COMPANY AND MDRB CORPORATION

Pursuant to Local Rule 16.3(d), Plaintiff Essex Insurance Company ("Essex") and Defendant MDRB Corporation t/a Ramada Limited Corporation ("MDRB") submit this report of their Rule 16.3(c) Conference held on July 5, 2006 and on September 6, 2006.[1]

Briefly, in this lawsuit, Essex seeks a declaratory judgment that there is no insurance coverage under a policy issued to MDRB for claims filed by the Estate in the matter styled *Amina Farooq, As Personal Representative of the Estate of Nadir Farooq v. MDRB Corporation d/b/a Ramada Inn Hotel, et al.* (D.D.C. Civ. A. No. 1:06-cv-00211-RMC) (the "*Farooq* Action"). In the *Farooq* Action, the Estate alleges that MDRB and others are liable for the death of Nadir Farooq, who was killed while attending a function at premises owned and operated by MDRB.

---

[1] Essex and MDRB note that Defendant Amina Farooq, as personal representative of the Estate of Nadir Farooq, (the "Estate") did not participate in the Rule 16.3(c) Conference held on July 5, 2006 and September 6, 2006. Pursuant to Local Rule 16.3(d), on June 29, 2005 and on August 30, 2006 counsel for Essex endeavored to secure the participation of the Estate but was informed that counsel would be unavailable. In an effort to comply with the Court's June 27, 2006 Order, Essex and MDRB conducted the Rule 16.3(c) conference between themselves, with the understanding that the Estate may have views about the issues discussed below that may differ from Essex's and/or MDRB's views.

Essex and MDRB (collectively, the "Parties") met and conferred on July 5, 2006 and September 6, 2006, and the Parties have reached the certain understandings and agreements, pursuant to Local Rule 16.3(c).

1.  Essex believes that the case likely will be resolved through a dispositive motion. MDRB believes that the case possibly will be resolved through a dispositive motion, depending on information gathered through first-party and potential third-party discovery. No dispositive motions have been filed yet, and the Parties agree that discovery should not await the filing of any party's dispositive motion.

2.  The Parties currently are not aware of any other party that must be joined, although MDRB reserves the right to join another party after engaging in first-party and potential third-party discovery. The Parties have not agreed or narrowed any legal or factual issues.

3.  The Parties feel that this case should not be assigned to a magistrate judge.

4.  Essex does not feel that there is a realistic possibility of settlement at this time. MDRB does not disagree, but believes that this coverage litigation should be stayed pending a resolution of the *Farooq* Action.

5.  Essex does not feel that ADR would be beneficial at this time. MDRB does not disagree, but believes that this coverage litigation should be stayed pending a resolution of the *Farooq* Action.

6.  Essex believes that this case will be resolved on summary judgment and expects to file its motion for summary judgment within 30 days after the close of discovery, if not sooner. MDRB believes that this case possibly will be resolved by summary judgment, depending on information gathered through discovery.

7.  Essex and MDRB shall proceed with Rule 26(a)(1) initial disclosures and

exchange initial disclosures no later than October 4, 2006.

8. MDRB anticipates that discovery, other than as to experts, will require at least 5 months and will not be completed until February 23, 2007. Essex feels that little or no discovery need be undertaken, but does not oppose MDRB's suggested discovery deadline. The Parties currently do not anticipate the need for a protective order. The Parties currently do not anticipate a need to modify the discovery rules set forth in the Local Rules and the Federal Rules of Civil Procedure.

9. The Parties currently do not anticipate that expert discovery will be required, although the Parties reserve the right to designate one or more expert depending on information gathered through discovery.

10. Not applicable because this case is not a class action.

11. The Parties do not believe that the trial or discovery should be bifurcated or managed in phases. As stated in Paragraph 5 above, however, MDRB believes that this coverage litigation should be stayed pending the resolution of the *Farooq* Action.

12. The Parties request that a pre-trial conference be held sixty (60) days after the close of discovery or a ruling on any dispositive motion.

13. The Parties request that the Court set a trial date at the pretrial conference.

14. The Parties have no other matters that need to be addressed in a scheduling order.

Dated: September 6, 2006

By: /s/ _____  By: /s/ _____
    Sean M. Hanifin, Bar No. 358347      Gerald W. Heller, Bar No. 342857
    Benjamin C. Eggert, Bar No. 474218      LINOWES AND BLOCHER LLP
    ROSS, DIXON & BELL, LLP      7200 Wisconsin Avenue, Suite 800
    2001 K Street, N.W.      Bethesda, MD  20814-4842
    Washington, D.C.  20006-1040      Telephone: (301) 654-0504
    Telephone: (202) 662-2000      Facsimile: (301) 654-2801
    Facsimile: (202) 662-2190      E-mail: gheller@linowes-law.com
    E-mail: shanifin@rdblaw.com

*Attorneys for Defendant*
*Attorneys for Plaintiff*      *MDRB Corp. t/a Ramada Limited Corp.*
*Essex Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2006, a copy of the foregoing Joint Certification and Rule 16(d) Report was sent by first-class U.S. mail, postage prepaid to the following:

Gerald W. Heller, Esq.
Linowes and Blocher, LLP
7200 Wisconsin Avenue, Suite 800
Bethesda, MD 20814-4842

*Counsel for Defendant MDRB Corp. t/a Ramada Ltd. Corp.*

Othello C. Jones, Jr., Esq.
Anacostia Professional Building
2041 Martin Luther King Jr. Ave., S.E.
Suite 244
Washington, D.C. 20020

/s/
Benjamin C. Eggert

339811 v 1