UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Essex Insurance Company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MDRB Corp. t/a Ramada Limited Corp., et al.<br><br>　　　　Defendants. | CIVIL ACTION NO. 1:06-cv-01086-HHK<br><br>NEXT SCHEDULED COURT EVENT:<br>Scheduling Conference on<br>June 8, 2007 at 10:00 a.m. |

**ESSEX INSURANCE COMPANY'S
STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Essex Insurance Company ("Essex"), by and through its undersigned attorneys, hereby submits its Statement of Undisputed Material Facts in support of its Motion for Summary Judgment pursuant to Local Rule 56.1.

**I.　　LITTLEJOHN STABBED AND KILLED FAROOQ AT THE RAMADA HOTEL**

1.　　On or around September 27, 2002, a dance was held at a ballroom at the Ramada hotel operated by Defendant MDRB Corp. t/a Ramada Limited Corp. ("Ramada"). *See* Complaint, ¶ 8, filed in *Farooq v. MDRB Corp. d/b/a Ramada Inn Hotel* (D. D.C. Civ. A. No. 1:06-cv-00211-RMC) (the "*Farooq* Action" and the "*Farooq* Complaint") (attached as Exhibit 1 to the Declaration of Benjamin C. Eggert).[1] *See also* Oct. 8, 2002 Order ¶ 1, at 1-2, filed in *U.S. v. Littlejohn* (D.C. Super. Ct. Case No. F-6291-02) (the "Oct. 8, 2002 Superior Court Order") (Ex. 2).

2.　　At 10:00 p.m., Nadir Farooq ("Farooq") arrived at the dance, which was attended

---

[1] Exhibit 1 and all other exhibits referenced in this Statement of Undisputed Material Facts are attached to the Declaration of Benjamin C. Eggert, which has been filed contemporaneously with this Statement of Undisputed Material Facts.

345948 v 1

by numerous other people, including Travis Littlejohn ("Littlejohn").  *See Farooq* Complaint ¶ 8 (Ex. 1); Oct. 16, 2002 Metropolitan Police Detective Affidavit ("MPD Aff.") (Ex. 3).

3.  At some point after midnight, Farooq and Littlejohn had a verbal dispute.  *See* MPD Aff. (Ex. 3).  During the course of the dispute, Littlejohn assaulted and stabbed Farooq in the neck with a knife.  *See Farooq* Complaint ¶ 9 (Ex. 1); Oct. 8, 2002 Superior Court Order (Ex. 2); MPD Aff. (Ex. 3).

4.  In findings of fact reached by the D.C. Superior Court in the criminal proceedings against Littlejohn, the assault and battery was described as follows:

> [O]n September 28, 2002, [Littlejohn] approached [Farooq] after [Farooq] had a verbal altercation with an associate of [Littlejohn's] at a "go-go" at the Ramada Inn, located at 1600 New York Avenue, N.E.  Without provocation from [Farooq], who was unarmed, [Littlejohn] made a stabbing or swinging motion at [Farooq's] neck, and made contact with [Farooq's] neck.  Immediately thereafter, blood poured from [Farooq's] neck, and [Farooq] stated, 'He stabbed me.'  Three eye-witnesses reported seeing [Littlejohn] make the stabbing motion at [Farooq's] neck . . . . [Farooq's] jugular vein and carotid artery were severed and [Farooq] suffered a life-threatening loss of blood . . . . [and] organ failure.  A knife was recovered at the scene of the crime.  The knife had at least a three-inch, serrated, metal blade, and had blood and human tissue on the blade up to the handle.  [Littlejohn] was apprehended at the scene of the crime, with blood on his clothes and shoes.

*See* Oct. 8, 2002 Superior Court Order ¶ 1, at 1-2 (Ex. 2).

5.  The D.C. Superior Court further noted that "the condition of the knife indicates that [Littlejohn] buried the blade in [Farooq's] throat, all the way up to the handle, [which] indicate[s] a substantial probability that [Littlejohn] had a specific intent to kill or seriously injure [Farooq]."  *Id.* ¶ 2.d., at 3 (Ex. 2).

**II.  LITTLEJOHN IS CHARGED WITH ASSAULT AND SECOND DEGREE MURDER AND LATER CONVICTED**

6.  Littlejohn was charged with Assault With Intent to Murder While Armed in violation of 22 D.C. Code §§ 403, 2103 and 4502.  The criminal complaint asserted that:

345948 v 1

> On or about September 28, 2002, within the District of Columbia, Travis Littlejohn, while armed with a knife assaulted Nadir Farooq with intent to murder him.

*See* Sept. 28, 2002 Criminal Complaint filed in *U.S. v. Littlejohn* (D.C. Super. Ct. Case No. F-6291-02) (Ex. 4).

7. Farooq later died from his wounds on October 7, 2002, and an autopsy determined that the cause of death was a stab wound to the neck and found that homicide was the manner of death. *See* MPD Aff. (Ex. 3).

8. On October 16, 2002, Littlejohn was charged with Second Degree Murder While Armed, in violation of 22 D.C. Code §§ 2103 and 4502. The criminal complaint asserted that:

> Travis Littlejohn, within the District of Columbia, while armed with a knife, and with the intent to kill another and to inflict serious bodily injury on another and with a conscious disregard of an extreme risk of death or serious bodily injury to another, caused the death of Nadir Farooq by stabbing him with [a] knife on or about September 28, 2002, thereby causing injuries from which Nadir Farooq died on or about October 7, 2002.

*See* Second Littlejohn Criminal Complaint in *U.S. v. Littlejohn* (D.C. Super. Ct. Case No. F-6669-02) (Ex. 5).

9. After a trial lasting several days, on November 15, 2004, a jury found that Littlejohn was guilty of Voluntary Manslaughter While Armed, which is a lesser-included offense of Second Degree Murder While Armed. *See* Nov. 15, 2004 Verdict Form (Ex. 6).

10. On March 4, 2005, Littlejohn was sentenced to 15 years in prison. *See* Mar. 4, 2005 Criminal Judgment (Ex. 7).

### III. THE *FAROOQ* ACTION

11. Amina Farooq, as personal representative of the Estate of Farooq, filed a wrongful death action in D.C. Superior Court against Ramada and two "Doe" defendants, asserting one count against each defendant. *See Farooq* Complaint at ¶¶ 1, 8-16 (against Ramada), 17-25

345948 v 1

(against John Doe) and 26-29 (against Richard Doe) (Ex. 1). Ramada removed this matter to the United States District Court for the District of Columbia, where the lawsuit is pending.

12. The *Farooq* Complaint alleges that Farooq was attacked and stabbed in the neck while attending the go-go dance at the Ramada, resulting in his death. *Id.* ¶ 8-9 (Ex. 1).

13. The complaint further alleges that the Ramada is located in "one of the highest crime districts in the District of Columbia" and that "many young persons in high crime communities carry concealed weapons." *Id.* ¶ 11(a) and (d) (Ex. 1).

14. The *Farooq* Complaint also alleges that "notwithstanding this particular knowledge, [Ramada] negligently, recklessly and in wanton and willful disregard for the lives and safety of persons such as [Farooq], breached its duty…

    (a)    By failing to have adequate security on the premises…
    (b)    By failing to have adequately trained or competent security personnel…
    (c)    By failing to provide security guards with proper equipment…; and
    (d)    By failing to establish and enforce measures necessary and reasonable to protect business invitees."

*Id.* ¶ 13 (Ex. 1).

15. As a result of Ramada's alleged acts and omissions, according to the *Farooq* Complaint, Farooq "was violently attacked and stabbed by [a] patron with [a] knife while on [the] dance floor" causing Farooq to "suffer physical pain, mental anguish, loss of body functions, hospitalizations, medicine as well as the expense of his last illness, death and burial." *Id.* ¶¶ 15-16 (Ex. 1).

16. The *Farooq* Complaint seeks $10 million for compensatory damages and $10 million for punitive damages. *Id.* Prayer for Relief (Ex. 1).

**IV.    THE POLICY**

17. Essex issued Commercial General Liability Policy No 3CH1121 to Ramada for the policy period July 10, 2002 to July 10, 2003 (the "Policy"). The Policy affords coverage of

$1 million per occurrence and a $2 million aggregate limit for general liability, products liability, completed operations liability and a $1 million aggregate limit for personal and advertising injury liability. *See* Policy, Declarations Page (Ex. 8).

18. The Policy, subject to all of its terms and conditions, provides that Essex

> will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. [Essex] will have the right and duty to defend the insured against any "suit" seeking those damages. However, [Essex] will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

Policy § I.1.a (Ex. 8).

### A. The Assault and/or Battery Exclusions

19. The Policy provides that

> [t]he coverage under this policy does not apply to any claim, suit, cost or expense arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or any other person.

*See* Assault and/or Battery Exclusion Endorsement (Ex. 8)

20. Similarly, the Policy also excludes from coverage

> [a]ssault and/or [b]attery, or ... any act or omission in connection with the prevention or suppression of such acts whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or any other person ….

*See* Restaurant, Bar, Tavern, Night Clubs, Fraternal and Social Clubs Endorsement § 4 (Ex. 8).

21. The Policy further excludes from coverage

> allegations of assault and/or battery, or … of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the Insured, the Insured's Employees, patrons or any other person ….

*See* Habitational Endorsement § 3 (Ex. 8).

### B. The Negligent Hiring and Supervision Exclusions

22. In addition, the Policy provides that

> [t]he coverage under this policy does not apply to "bodily injury," "property damage," "personal injury," "advertising injury" or any injury, loss or damage arising out of … [a]ny charges or allegations of negligent hiring, employment, training, placement or supervision, nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same covered in this policy.

*See* Restaurant, Bar, Tavern, Night Clubs, Fraternal and Social Clubs Endorsement § 6 (Ex. 8).

23. Similarly, the Policy excludes from coverage "any charges or allegations of negligent hiring, training, placement or supervision." *See* Habitational Endorsement § 3 (Ex. 8).

24. The Policy further excludes from coverage "any charges or allegations of negligent hiring, training, placement or supervision." *See* Assault and/or Battery Exclusion Endorsement (Ex. 8).

### C. The Punitive Damages Exclusion

25. Finally, the Ramada Policy provides that "[p]unitive or [e]xemplary [d]amages [are] not covered under this policy nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same." *See* Combination General Endorsement ¶ 6 (the "Punitive Damages Exclusion") (Ex. 8).

## V. THE COVERAGE DISPUTE

26. After Ramada tendered notice of the *Farooq* Action on October 25, 2005, Essex agreed to provide a defense to Ramada, subject to a reservation of the right to later deny coverage and to file a declaratory judgment action.

27. Essex thereafter filed this coverage action on February 8, 2006.

                      Respectfully submitted,

Dated: December 4, 2006        By: /s/ Benjamin C. Eggert
                      Sean M. Hanifin, D.C. Bar No. 358347
                      Benjamin C. Eggert, D.C. Bar No. 474218
                      ROSS, DIXON & BELL, LLP
                      2001 K Street, N.W.
                      Washington, D.C. 20006-1040
                      Telephone: (202) 662-2000
                      Facsimile: (202) 662-2190

                      *Attorneys for Plaintiff*
                      *Essex Insurance Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of December, 2006, a copy of the foregoing Essex Insurance Company's Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment was (1) sent by first-class U.S. mail, postage prepaid to the counsel listed below and (2) was filed electronically with the Clerk of the Court using the CM/ECF system, which also will send electronic notice of such filing, to the following counsel of record:

    Gerald W. Heller, Esq.
    Linowes and Blocher, LLP
    7200 Wisconsin Avenue, Suite 800
    Bethesda, MD 20814-4842

    *Counsel for Defendant MDRB Corp. t/a Ramada Ltd. Corp.*

    Othello C. Jones, Jr., Esq.
    Anacostia Professional Building
    2041 Martin Luther King Jr. Ave., S.E.
    Suite 244
    Washington, D.C. 20020

    *Counsel for Defendant Amina Farooq, as Personal Representative of The Estate of Nadir Farooq*

                            /s/ Benjamin C. Eggert
                            Benjamin C. Eggert

345948 v 1