## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESSEX INSURANCE CO., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:06-CV-01086-HHK |
| | * | |
| MDRB CORP., *et al.*, | * | <u>Next Scheduled Court Event</u>: |
| | * | Scheduling Conference on |
| Defendants. | * | June 8, 2007 at 10:00 a.m. |

## <u>DEFENDANT MDRB CORPORATION'S (1) OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND (2) MOTION TO STAY PROCEEDINGS</u>

Defendant, MDRB Corporation, t/a Ramada Limited Corp. ("MDRB"), by and through its undersigned counsel, and pursuant to Rules 7 and 56 of the Federal Rules of Civil Procedure and Local Rule 7, respectfully opposes the Motion for Summary Judgment submitted by the Plaintiff, Essex Insurance Company ("Essex"), and moves this Court to stay the proceedings in this insurance coverage case until the entry of a final judgment in a related negligence action that is presently pending in this Court in a case captioned *Farooq v. MDRB Corporation, et al.* (Case No. 1:06-CV-00211-RMC) (the "Farooq Action"). The Farooq Action is the subject of the instant insurance coverage dispute.

Pursuant to Local Rule 7(m), with respect to MDRB's motion and request to stay this action pending resolution of the Farooq Action, the undersigned states that he previously discussed the requested relief with counsel for Essex, who stated that Essex was unable to consent to the Motion for Stay at that time. As such, the Motion should be considered a contested matter.

The grounds for MDRB's (1) Opposition to Essex's Motion for Summary Judgment and (2) Motion to Stay Proceedings are set forth in the accompanying Memorandum of Points and Authorities, Exhibits thereto, and the Statement of Genuine Issues and Material Facts in Dispute, all of which are filed contemporaneously herewith and incorporated herein by reference.

**WHEREFORE**, MDRB respectfully requests that (i) Essex's Motion for Summary Judgment be denied; (ii) all proceedings in this insurance coverage action be stayed pending entry of final judgment in the underlying Farooq Action; and (iii) such further and additional relief on behalf of MDRB as this Court deems just and proper.  A proposed Order is submitted herewith.

Respectfully submitted,

**LINOWES AND BLOCHER LLP**

By:    /s/  *Gerald W. Heller*    
      Gerald W. Heller  
Bar No.:  342857  
7200 Wisconsin Avenue, Suite 800  
Bethesda, MD  20814-4842  
Telephone:  (301) 961-5178  
Facsimile:  (301) 654-2801  
E-Mail:  gheller@linowes-law.com  

Attorney for Defendant,  
MDRB Corp. t/a Ramada Limited Corp.

<u>**ORAL HEARING REQUESTED**</u>

Pursuant to Local Rule 7(f), Defendant respectfully requests an oral hearing on the preceding Opposition to Plaintiffs' Motion for Summary Judgment and Motion to Stay Proceedings.

By:    /s/  *Gerald W. Heller*    
      Gerald W. Heller

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESSEX INSURANCE CO., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:06-CV-01086-HHK |
| | * | |
| MDRB CORP., *et al.*, | * | <u>Next Scheduled Court Event</u>: |
| | * | Scheduling Conference on |
| Defendants. | * | June 8, 2007 at 10:00 a.m. |

## DEFENDANT MDRB CORPORATION'S MEMORANDUM OF POINTS AND AUTHORITIES (1) IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND (2) IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS

Defendant, MDRB Corporation, t/a Ramada Limited Corp. ("MDRB"), by and through its undersigned counsel, and pursuant to Rules 7 and 56 of the Federal Rules of Civil Procedure, hereby (1) opposes the Motion for Summary Judgment submitted by the Plaintiff, Essex Insurance Company ("Essex"), and (2) moves this court to stay the proceedings in this insurance coverage case until final judgment is rendered in a related negligence action that is presently pending in this Court in a case captioned *Farooq v. MDRB Corporation, et al.* (Case No. 1:06-CV-00211-RMC). This related negligence action is the subject of the instant insurance coverage case.

## I.    <u>Factual Background</u>

Essex has brought this action (the "Insurance Coverage Action") seeking declaratory relief regarding its duty to defend and indemnify MDRB under a Commercial General Liability Policy issued to MDRB (the "Policy"). (Essex Compl. ¶ 1 and Exhibit B thereto.) The Policy, which is attached hereto as Exhibit 1, identifies the "Named Insured and Mailing Address" as "RAMADA LIMITED CORP., MDRB CORP. T/A, 1600 New York Ave., NE, Washington, DC

2002." (Policy, Exhibit 1, unnumbered page 2.)[1]  The property subject to the Policy is a Ramada Inn ("Ramada Inn" or "Hotel") located at that District of Columbia address.

The policy period is specified as July 10, 2002 to July 10, 2003 (Essex Compl. ¶ 1 and Policy, Exhibit 1, unnumbered page 2).  On or about September 27, 2002, during this policy period, a fatal stabbing allegedly occurred during a private party at the Hotel, ultimately leading to the filing of a civil complaint in 2005 in the Superior Court of the District of Columbia captioned *Farooq v. MDRB Corporation, et al.* ("Farooq Action").  A copy of the complaint in the Farooq Action ("Farooq Compl.") is attached hereto as Exhibit 2.[2]  The Farooq Action seeks damages against MDRB and others for the alleged wrongful death of the victim of the stabbing, Nadir Farooq ("Farooq" or the "decedent"), a resident and citizen of the District of Columbia. The Farooq Action was thereafter removed to this Court (Civil Action No. 06-CV-00211-RMC), where it remains pending.  A copy of the docket entries in the Farooq Action is attached hereto as Exhibit 3.[3]

In this Insurance Coverage Action, Essex has named as defendants MDRB and Amina Farooq, as personal representative of the Estate of Nadir Farooq.  Essex requests a declaration that it has no defense or indemnity obligation to MDRB in connection with the Farooq Action because, according to Essex, the facts underlying the Farooq Action fall within certain exclusions in the Policy that relieve Essex from liability.  In its Answer (Docket Entry No. 7), MDRB contends, *inter alia*, that Essex is required to provide and pay for MDRB's defense in the

---

1       The Policy also is attached as Exhibit B to Essex's Complaint.

2       The Farooq Complaint also is attached as Exhibit A to Essex's Complaint.

3       The undersigned counsel are not counsel of record for MDRB in the Farooq Action. Upon information and belief, MDRB's counsel in that case has been engaged by Essex pursuant to a "reservation of rights" issued by the insurer.

Farooq Action.  MDRB further asserts that Essex is required to pay any judgment that ultimately may be rendered against it in the Farooq Action.

In its Motion for Summary Judgment, Essex relies on exclusions in the Policy relating to assault and battery and failure to hire and supervise personnel.  Liability in the Farooq Action, however, is based on, among other theories of potential liability, negligence claims against MDRB that do not fall within the scope of the exclusions.  The claims asserted in the Farooq Action raise the potentiality of insurance coverage; as such, and because Essex's duty to defend MDRB in the Farooq action is broader than its duty to indemnify, Essex, at a minimum, has a contractual obligation to provide MDRB a defense in the Farooq Action.  Essex's request for summary judgment therefore should be denied.

Furthermore, at this juncture, Essex's Motion for Summary Judgment is premature and should await a final judgment in the Farooq Action.  The Farooq Action and this Insurance Coverage Action contain overlapping issues of fact that must be decided in the Farooq Action rather than this Insurance Coverage Action.  Furthermore, insofar as Essex requests a declaratory judgment with respect to its obligation to indemnify MDRB for any adverse judgment or punitive damages, that request, too, is premature because no such judgment has been entered against MDRB in the Farooq Action.  Accordingly, MDRB opposes Essex's Motion for Summary Judgment and requests a stay of this case pending a final judgment in the underlying Farooq Action.

## II.     <u>Allegations in the Complaints</u>

## A.     **The Farooq Complaint**

The Farooq Action seeks to impose liability on MDRB, not for the intentional killing of

the decedent, but for purported negligent or willful acts of MDRB that are an alleged proximate cause of the stabbing and death of the decedent.

In the Complaint filed in the Farooq Action, plaintiff alleges that the attack and wrongful death of the decedent "occurred as the proximate result of [MDRB's] negligence and breach of its legal duties and obligations to" the decedent, Farooq.  (Farooq Compl., Exhibit 2, ¶ 10.) Moreover, the Farooq Complaint alleges that prior to the date of the attack, MDRB knew or should have known that "(a) its hotel/motel was located in one of the highest crime districts in the District of Columbia; (b) various violent crimes had occurred in and about premises where Go-Go Disco Dances were attended by young people; (c) sale to and consumption by young people of alcoholic beverages often to lead [sic, "often lead to"] hostile and violent action and reaction; and (d) many young persons in high crime communities carry concealed weapons." (*Id.*, ¶ 11.)

Count I of the Farooq Complaint asserts that "as a direct and proximate result of [MDRB's] negligence, wanton and willful disregard for the decedent's safety and decedent's life and its willful failure to establish and enforce adequate standards to detect concealed weapons, the decedent was violently attacked and stabbed by patron with knife while on [the] dance floor." (*Id.*, ¶ 15.)  The claims against MDRB in the Farooq Action focus on MDRB's purported negligence or intentional failure of MDRB to appreciate and manage alleged risks created by the location of the hotel; the history of that area for "violent crimes'," the "consumption" and effects of alcohol on young persons, which often leads to "hostile and violent reaction," such as the stabbing alleged; and the propensity of "young persons in high crime communities" to "carry concealed weapons."  (*Id.*, ¶ 11.)  Among the principal issues in the Farooq Action are whether

MDRB had a duty to protect Farooq, whether MDRB failed to do so, and whether MDRB is thereby legally responsible for the events that occurred.[4]

**B.    The Insurance Coverage Complaint**

In the Insurance Coverage Litigation presently before this Court, Essex alleges that it cannot be liable for the claims against MDRB in the Farooq Action because the Policy does not cover bodily injury arising out of assault and battery (Count I), negligent hiring, training and supervision (Count II), or the sale and consumption of alcoholic beverages (Count III).  Essex also seeks a declaration that no coverage exists for punitive damages sought in the Farooq Action (Count IV).

**III.    Argument**

**A.    Summary Judgment Must Be Denied because the Claim in the Farooq Action Falls within MDRB's Coverage under the Policy.  Furthermore, because Essex's Duty to Defend MDRB is Broader than Its Duty to Indemnify, Essex Must Provide MDRB a Defense in the Farooq Action.**

**1.    Standard of Review**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  On a motion for summary judgment, a court must construe the facts, and the inferences to be drawn from the facts, in the light most favorable to the party opposing the motion.  *Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  If factual issues "may reasonably be resolved in favor of either party,

---

4    Count II of the Farooq Complaint also asserts a negligence claim against defendant "John Doe D/B/A T.C.B. (Taking Care of Business)," the operator and sponsor of the party at the Hotel, and Count III asserts a negligence claim against defendant "Richard Roe Security" for failure to provide adequate security at the party.  Neither Count II or Count III is asserted against MDRB.

then summary judgment is inappropriate." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

### 2.    Interpretation of Insurance Policies

In determining an insurer's obligation to provide a defense to the insured, the District of Columbia applies the "eight-corners rule," which compares the "four corners" of the complaint with the "four corners" of the insurance policy. *See Stevens v. United Gen. Title Ins. Co.*, 801 A.2d 61, 67 (D.C. 2002)  "The duty of an insurer to defend a lawsuit brought against its insured is established by the allegations in the complaint." *Central Armature Works, Inc. v. Amer. Motorists Ins. Co.*, 520 F. Supp. 283, 287 (D.D.C. 1980).  "If the allegations of the complaint state a cause of action within the coverage of the policy, the insurance company must defend." *I.J.G., Inc. v. Penn-America Ins. Co.*, 803 A.2d 430, 433 (D.C. 2002) (*per curiam*) (*quoting Boyle v. National Casualty Co.*, 84 A.2d 614, 615-16 (D.C. 1951).[5]  "The duty to defend depends only on the facts as alleged to be, so that the insurer's obligations should be measured by comparing the policy it issued with the complaint filed in the underlying case." *Stevens*, 801

---

[5]    Because Essex's duty to defend must be determined from the "four corners" of the Farooq Complaint and the "four corners" of the Policy, Essex's citation to and reliance upon documents and exhibits other than the Complaint and the Policy are improper.  Furthermore, to the extent the documents and exhibits other than the Farooq Complaint and Policy are offered for the truth of the matters asserted, they are inadmissible hearsay that cannot support Essex's request for summary judgment.  MDRB also notes that Judge Weisberg's "Findings of Fact, Conclusion of Law and Order of Detention Pending Trial" is irrelevant to the issues before this Court.  In pretrial detention proceedings, per the applicable statute, a court's focus is whether there exists a "substantial probability" that the defendant committed the alleged offense.  This pretrial detention inquiry is wholly irrelevant to the issue whether Essex is legally obligated to provide MDRB a defense in the Farooq Action and the other issues pertinent to this insurance coverage dispute presently before the Court.  Accordingly, MDRB objects to and moves to strike the documents and exhibits included with Essex's Motion for Summary Judgment (as well as Essex's references to any information contained in these extraneous materials in its "Statement of Undisputed Material Facts" or other pleadings) other than the Farooq Complaint and the Policy.  Without waiving MDRB's objections or request that these documents and exhibits be stricken, and as explained *supra*, to the extent that these documents and exhibits are deemed admissible, they in fact provide further support for MDRB's contention that Essex has a duty to defend MDRB in the Farooq Action.

A.2d at 67 (*internal quotations omitted*) (*emphasis added*).  Moreover, it is well established that

<u>"the duty to defend is broader and more extensive than the duty to indemnify…. Any doubt as to</u>

<u>whether there is a duty to defend must be resolved in favor of the insured.</u>"  *Id.* (*emphasis*

*added*).  Irrespective of Essex's ultimate duty to indemnify MDRB in the event of an adverse

judgment in the Farooq Action, Essex, at this juncture, plainly has a duty to provide and pay for

MDRB's defense in that Action.

      **3.**      **The Assault and Battery Exclusion Does Not Bar Coverage for the Allegations in the Farooq Complaint and Essex has a Duty to Defend MDRB in the Farooq Action.**

      Essex has a duty to defend because certain of the claims against MDRB in the Farooq

Action are premised upon alleged negligence that does not fall within any of the exclusions in

the Policy cited by Essex.  Among the allegations in the Farooq Complaint are that MDRB

"knew or should have known with the exercise of reasonable care" that the "sale to and

consumption by young people of alcoholic beverages often lead to [sic] hostile and violent action

and reaction" (Complaint, ¶ 11(c)), and that this asserted negligence was among the causal

factors of the decedent's death.  The Farooq Action asserts that "as a direct and proximate result

of [MDRB's] negligence, wanton and willful disregard for the decedent's safety and decedent's

life and its willful failure to establish and enforce adequate standards to detect concealed

weapons, the decedent was violently attacked and stabbed by patron with knife while on dance

floor."  (Farooq Compl., ¶ 10.)  Under the Policy, Essex must pay "the sums that [MDRB]

becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to

which this insurance applies."  (Policy, Exhibit 1, Commercial General Liability Coverage Form,

Section I(A)(1)(a).)  Additionally, Essex "will have the right and duty to defend [MDRB] against

any 'suit' seeking those damages.  *Id.*

7

While bodily injury arising out of assault and battery is excluded from coverage, Essex's reliance on this exclusion in this case is without merit. This conclusion is mandated by *Interstate Fire & Cas. Co. v. 1218 Wisconsin Ave., Inc.*, 136 F.3d 830 (D.C. Cir. 1998), a case decided by the United States Court of Appeals for the District of Columbia Circuit which Essex cites in a footnote in its Memorandum. In that case, the Court of Appeals addressed a situation similar to the one presently before this Court, and concluded that the insurer had a duty to defend a bar sued by a person viciously attacked by a patron, despite the existence of an assault and battery exclusion in the insurance policy.

In *Interstate Fire*, a woman who had been brutally attacked by an intoxicated patron at a bar, sued the bar for, among other things, failure to protect a patron. 136 F.3d at 832. The bar's insurer, Interstate Fire & Casualty Company ("Interstate"), declined to defend the bar against the patron's claims and subsequently filed a declaratory judgment action on the insurance coverage issue, based on the assault and battery exclusion in the insurance policy. The District Court granted summary judgment to Interstate on the duty to defend, ruling that the insurance policy did not cover the patron's claims against the bar. *Id.* at 833.

On appeal, the Court of Appeals reversed the District Court's grant of summary judgment on the insurer's behalf because the attacker's intoxication might negate the intent required for a civil assault and battery that would trigger the insurance policy's assault and battery exclusion. The Court of Appeals distinguished criminal assault, to which intoxication is not a defense, from civil assault and battery, such as that occurred in that case as well as the present case. *Id.* at 834-835.

The insurer in *Interstate Fire*, like Essex here, argued that the injured patron's "negligence claim is indistinguishable from the alleged assault and battery and that

8

recharacterization of the attacker's conduct as 'negligent' does not change the nature of the underlying cause of action." *Id.* at 834.   The Court of Appeals, however, concluded that even if the attack could only be read as an assault and battery, "should intoxication be recognized in the District of Columbia as an affirmative defense to a charge of <u>civil</u> assault and battery, [the] negligence claim would be distinguishable from one of assault and battery." *Id.* (emphasis added)  The Court of Appeals continued:

> <u>Because intent is a necessary element of civil assault and battery, *see* Madden v. D.C. Transit System, Inc.*, 307 A.2d 756, 757 (D.C. 1973), a finding that the defendant did not have the requisite intent would dispose of any cause of action alleging assault and battery.</u>  Interstate's insurance contract only excluded conduct pertaining to 'the prevention or suppression of an assault and/or battery."  Because insurance contracts are read narrowly against the interests of the insurer, *see First Nat'l Bank of Decatur v. Insurance Co. of North America*, 424 F.2d 312, 317 (7th Cir. 1970), the phrase 'assault and/or battery must be presumed to have its strict legal definition.  Therefore, if it should be the law of the District of Columbia that an intoxicated person does not have the intent necessary to support such a cause of action, the attack on Ms. Williams would not fall within the scope of the assault and battery exclusion and Interstate would be obliged to defend any action seeking redress for any injury resulting from it.

*Id* (emphasis added).

Noting that the District of Columbia courts had not determined the issue of whether intoxication is a defense to <u>civil</u> assault and battery, the Court of Appeals emphasized that doubt regarding whether a complaint states a cause of action within the terms of the insurance contract must be construed in the insured's favor, and thereby concluded that the assault and battery exclusion did not apply to the plaintiff's claims.  *Id.* at 835.  Accordingly, the insurer was required to defend the insured.[6]

---

6     MDRB's research has not uncovered any change in District of Columbia law since *Interstate Fire* concerning the effect of intoxication on a civil assault and battery claim.

Here, in the underlying Farooq Action, Plaintiff alleges, *inter alia*, that MDRB "knew or should have known with the exercise of reasonable care" that the "sale to and consumption by young people of alcoholic beverages often lead to [sic] hostile and violent action and reaction" (Complaint, ¶ 11(c)), and that this asserted negligence was among the causal factors of the decedent's death.  Although not a model of clarity, a fair and reasonable reading of this portion of the Farooq Complaint and inference therefrom is that the assailant in this case had consumed alcohol and that the effect of this alcohol "consumption" and possible intoxication was a "hostile and violent action and reaction" (Complaint, ¶ 11(c)) resulting in the decedent's death.[7] Although alcohol consumption and intoxication therefrom is not a defense to the assailant's criminal charges (*see Interstate Fire*, 136 F.3d at 835), these circumstances could negate the intent element of a civil assault and battery, thus rendering the assault and battery exclusion inapplicable.[8]  Just as the Court of Appeals ruled in *Interstate Fire* that the insurer had an obligation to defend the insured, Essex has the same obligation to provide and pay for a defense to MDRB in the Farooq Action.[9]

---

[7]    Indeed, the only "hostile and violent action and reaction" alleged in the Complaint is the stabbing and resulting death of the decedent.

[8]    Although Essex has not raised the Policy's liquor liability exclusion as a basis for avoiding its obligations in this case, that exclusion is likewise inapplicable.  The Farooq Complaint alleges that Co-Defendant John Doe D/B/A T.C.B. (Taking Care of Business) operated and sponsored the dance at which the stabbing occurred.  (Complaint, ¶ 5, 18)  While the Complaint alleges that MDRB knew or should have known of the influences of alcohol on young people, there is no allegation that MDRB furnished alcohol to the assailant or caused the assailant's possible intoxication.

[9]    To the extent that the extraneous documents included with Essex's opposition are deemed admissible and relevant to Essex's Motion, MDRB notes that Judge Weisberg's Findings of Fact, Conclusions of Law and Order of Detention Pending Trial states that "Defendant Admitted to the Pretrial Services Agency that he had used drugs in the week immediately preceding his arrest." *See* Exhibit 2 to the Declaration of Benjamin C. Eggert in Support of Essex's Motion for Summary Judgment, at 3.  Since the defendant-assailant was arrested at the scene of the crime, his admission of recent drug use provides additional evidence that the defendant may have had diminished capacity that would negate the intent element for civil assault and battery, just as the U.S. Court of Appeals concluded in *Interstate Fire*.

None of the other cases cited by Essex concern factual scenarios and/or legal issues that control the instant case. Those cases, for example, do not address the issue of intent in <u>civil</u> assault and battery cases, as did the Court of Appeals did in *Interstate Fire*. MDRB notes that in one of the cases relied upon by Essex, *I.J.G., Inc. v. Penn American Insurance Company*, 803 A.2d 430 (D.C. 2002), *Interstate Fire* was deemed inapplicable by the Superior Court of the District of Columbia in a case that was affirmed, *per curiam*, by the District of Columbia Court of Appeals. But as the trial court explained in that case (which the D.C. Court of Appeals adopted in its *per curiam* affirmance), the reason why *Interstate Fire* did not provide a basis for insurance coverage was because the assault and battery exclusion in *I.J.G.* was substantially broader than the policy language presently before the Court.

In particular, the assault and battery exclusion in *I.J.G.* excluded from coverage not only assault and battery, but also injury arising from "<u>physical altercations that occur in, on, or near the insured's premises</u>." 803 A.2d at 433 (*emphasis added*). "Physical altercations," unlike assault and battery, do not have an intent element. This additional language at issue in *I.J.G.*, excluding "physical altercations" other than assault and battery from insurance coverage, is not contained in Essex's assault and battery exclusion. Because the exclusion in *I.J.G.*, unlike the assault and battery exclusion contained in the Essex policy before the Court, excluded assault and battery and other "physical altercations" for which the assailant's intent is irrelevant, the rationale of *Interstate Fire* was inapplicable. In the instant case, however, MDRB respectfully submits that the analysis of the Court of Appeals in *Interstate Fire* is applicable and requires Essex's Motion for Summary Judgment be denied.

**B.**  **The Insurance Coverage Action Should be Stayed Until Final a Judgment is Rendered in of the Farooq Action.**

When a personal injury suit has been filed and an insurer seeks a declaration that the facts in the underlying action cause the case to fall within exclusions in the insurance policy, a declaratory judgment is improper before a final resolution of the factual issues in the tort case. For example, as in the Farooq Action, when issues of intent and/or negligence are at issue in the underlying tort case, an insurance company cannot obtain a declaratory judgment based on determinations of intent and/or negligence.

For example, in *Brohawn v. Transamerica Insur. Co.*, 347 A.2d 842 (Md. 1975), personal injury plaintiffs filed an underlying suit against an insured for assault and/or negligence based on the insured's alleged participation in an altercation that resulted in injuries to the plaintiffs. While this case was pending, Transamerica, the insurance company, filed a separate declaratory judgment action seeking a ruling that the acts allegedly committed by the insured were intentional and therefore barred from coverage as a result of a policy exclusion for bodily injury caused by "any act committed by or at the direction of the Insured with the intent to cause injury or damage to person or property." 347 A.2d at 846. The Court of Appeals of Maryland held that a declaratory judgment would not be appropriate prior to the completion of the personal injury case:

> Allowing Transamerica to litigate the question of whether any injuries were intentionally inflicted would permit it, and not…the plaintiffs in the tort suits, to control the litigation. Transamerica would assume the burden of establishing not only that [the personal injury plaintiffs] were in fact injured but also that they were injured intentionally, exposing its insured…to potential punitive damages. And [the insured] would be forced not only to defend against the allegations of [the personal injury plaintiffs], but also against the vast resources and expertise of her insurer who would be trying to prove that which was its contractual duty to disprove.

*Id.* at 849.  *See also  Roussos v. Allstate Ins. Co.*, 104 Md. App. 80, 86, 655 A.2d 40, 42 (1995) ("A declaratory judgment action prior to the trial of a pending tort action is generally prohibited where the issues raised in the declaratory judgment proceeding would be fully decided in the underlying action."); *Home Ins. Co. v. Perlberger*, 900 F. Supp. 768, 774-75 (E.D. Pa. 1995) Moreover, Essex's request that the Court declare that it has no obligation to indemnify MDRB for any adverse judgment or punitive damages is also patently premature because no such judgment or damages has been entered or awarded in the Farooq Action.  *See, e.g.*, *Guaranty Nat'l Ins. Co. v. Beeline Stores*, 945 F. Supp. 1510, 1514-15 (M.D. Ala. 1996) ("Although the existence of a duty to defend may be established by the allegations in the insured party's complaint, the insurer's liability to the insured is ultimately established by what is developed at trial.  So a determination of the duty to indemnify cannot be made at a preliminary state in the proceedings, when it is still possible for the plaintiff in the underlying lawsuit to change the theory of liability and assert a claim that is covered by the policy at issue").

The refusal of courts to permit insurers to proceed with declaratory judgment actions while the underlying action against the insured remains pending, as is the situation here with the pending Farooq Action, has been strongly endorsed by insurance law commentators and experts:

> The only legitimate purposes to be served by an adjudication of the insurance company's coverage obligation while the main action against the insured is pending are (a) potentially, to save the company the expense of having to defend the insured when the complaint gives rise to a duty to defend, and (b) to assist the insurer in avoiding liability by enabling it to obtain a court's approval before denying a request for policy benefits. Neither end warrants requiring the insured to litigate the issues regarding liability both in the main case and in a declaratory judgment action. Refusing the insurance company the option of seeking a declaratory judgment does work to its disadvantage, but not inequitably so.  Such refusal will merely require the insurer to comply with its contractual obligations until the lawsuit against its insured is terminated.

Alan D. Windt, *Insurance Claims & Disputes*, § 8.04 at 15 (4th ed.).

13

Here, a stay of this insurance coverage action pending final judgment in the Farooq Action will not result in excessive delay and will preserve judicial economy. According to an October 24, 2006 Scheduling Order in the Farooq Action, discovery in that case is to be completed by February 7, 2007, and any dispositive motions filed by March 5, 2007.[10] A trial date is to be selected at a status conference set to occur on January 19, 2007. (*See* Docket, Exhibit 3, Entry No. 14) Because these dates are imminent and the Farooq Action has proceeded further procedurally than this Insurance Coverage Action, awaiting a final judgment in the Farooq Action will not unduly delay the Insurance Coverage Action. Moreover, staying this case pending a resolution of the Farooq Action will preserve judicial economy by ensuring a full resolution of issues common to both cases. As such, MDRB respectfully requests that the Court stay all further proceedings in this case until a final resolution has been reached in the Farooq Action.[11]

## IV.    Conclusion

For the reasons set forth above, MDRB respectfully requests that: (i) Essex's Motion for Summary Judgment be denied; (ii) all proceedings in this Insurance Coverage Action be stayed

---

[10]    MDRB filed a Motion for Summary Judgment in the Farooq Action (Docket, Exhibit 3, Entry No. 12), which was denied without prejudice to refile as Plaintiff had obtained new counsel who requested and obtained an extension of discovery because of his recent entry of appearance in that case. (*Id.*, Entry No. 13)

[11]    As stated above, MDRB requests that Essex's Motion for Summary Judgment be denied and that this Insurance Coverage Action be stayed pending final judgment in the Farooq Action. This request is well supported by the facts and current procedural posture of the two pending cases. However, without waiving this request, MDRB requests that Essex's Motion for Summary Judgment, filed well before the discovery cut-off in this case of March 6, 2007, at a minimum should be denied without prejudice or deferred pending the completion of discovery. For example, among the issues to explore is the precise relationship between Essex and its agent/broker that sold MDRB the policy at issue in this case. As stated in the Fourth Affirmative Defense raised by MDRB in its Answer, if the Policy at issue in this case does not provide coverage, this was because an improper policy was sold to MDRB. The failure to sell MDRB a proper policy may be imputed to Essex depending upon, for example, the relationship between Essex and its issuing agent. Undersigned counsel submits an Affidavit under Fed.R.Civ.P. 56(f) herewith as Exhibit 4.

pending the entry of final judgment in the Farooq Action; and (iii) the Court grant MDRB such

further and additional relief it deems just and proper.

                              Respectfully submitted,

                              **LINOWES AND BLOCHER LLP**


                              By:    /s/  *Gerald W. Heller*
                                     Gerald W. Heller
                              Bar No.:  342857
                              7200 Wisconsin Avenue, Suite 800
                              Bethesda, MD  20814-4842
                              Telephone:  (301) 961-5178
                              Facsimile:  (301) 654-2801
                              E-Mail:  gheller@linowes-law.com

                              Attorney for Defendant,
                              MDRB Corp. t/a Ramada Limited Corp.


L&B 718338v1/10509.0001

15

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ESSEX INSURANCE CO.,                    *
                                        *
          Plaintiff,                    *
                                        *
v.                                      *        Civil Action No. 1:06-CV-01086-HHK
                                        *
MDRB CORP., *et al.*,                   *        <u>Next Scheduled Court Event</u>:
                                        *        Scheduling Conference on
          Defendants.                   *        June 8, 2007 at 10:00 a.m.

## <u>DEFENDANT MDRB CORPORATION'S STATEMENT OF MATERIAL FACTS AND GENUINE ISSUES IN DISPUTE</u>

1.    Presently pending before another Judge of this Court is a negligence-based action captioned *Farooq v. MDRB Corporation, et al.* (Case No. 1:06-CV-00211-RMC) ("Farooq Action"). The instant insurance coverage action before the Court arises from the Farooq Action.

2.    The Farooq Action seeks to impose liability on MDRB, not for the intentional killing of the decedent, but for purported negligent or willful acts of MDRB that are an alleged proximate cause of the decedent's stabbing.

3.    In the Complaint filed in the Farooq Action, Plaintiff asserts, *inter alia*, that the attack and wrongful death of the decedent "occurred as the proximate result of [MDRB's] negligence and breach of its legal duties and obligations to" the decedent, Farooq. (Farooq Compl., attached as Exhibit 2 to the Memorandum of Points and Authorities submitted herewith, ¶ 10.) Moreover, the Farooq Complaint alleges that prior to the date of the attack, MDRB knew or should have known that "(a) its hotel/motel was located in one of the highest crime districts in the District of Columbia; (b) various violent crimes had occurred in and about premises where Go-Go Disco Dances were attended by young people; (c) sale to and consumption by young

people of alcoholic beverages often to lead [sic, "often lead to"] hostile and violent action and reaction; and (d) many young persons in high crime communities carry concealed weapons." (*Id.*, ¶ 11.)

4.    Count I of the Farooq Complaint asserts that "as a direct and proximate result of [MDRB's] negligence, wanton and willful disregard for the decedent's safety and decedent's life and its willful failure to establish and enforce adequate standards to detect concealed weapons, the decedent was violently attacked and stabbed by patron with knife while on dance floor." (*Id.*, ¶ 15.)  The claims against MDRB in the Farooq Action focus on MDRB's purported negligence or intentional failure of MDRB to appreciate and manage alleged risks created by the location of the hotel; the history of that area for "violent crimes'," the "consumption" and effects of alcohol on young persons, which often leads to "hostile and violent reaction," such as the stabbing alleged; and the propensity of "young persons in high crime communities" to "carry concealed weapons." (*Id.*, ¶ 11.)  Among the principal issues in the Farooq action are whether MDRB had a duty to protect Farooq, whether MDRB failed to do so, and whether MDRB is thereby legally responsible for the events that occurred.

5.    The "assault and battery" exclusion cited by and relied upon by Essex in its Motion for Summary Judgment requires, as the United States Court of Appeals concluded in *Interstate Fire & Cas. Co. v. 1218 Wisconsin Ave., Inc.*, 136 F.3d 830 (D.C. Cir. 1998), the showing of intent required for <u>civil</u> assault and battery.

6.    The Farooq Complaint alleges that the assailant had consumed alcohol which caused a "hostile and violent reaction" and was among the factors leading to the stabbing and death of the decedent.  (Farooq Compl., attached as Exhibit 2 to the Memorandum of Points and Authorities submitted herewith, ¶ 11.)

7.      The Farooq Complaint alleges that co-defendant John Doe d/b/a T.C.B. (Taking Care of Business) operated and sponsored the dance at which the stabbing occurred.  (*Id.* ¶ 5, 18.)  While the complaint alleges that MDRB knew or should have known of the influences of alcohol on young people, there is no allegation that MDRB furnished alcohol to the assailant or caused the assailant's possible intoxication.

8.      As part of Essex's Motion for Summary Judgment, and "Statement of Undisputed Material Facts," Essex includes documents and exhibits other than the Farooq Complaint and the insurance policy issued by Essex relating to the instant action.  In its Motion for Summary Judgment and "Statement of Undisputed Material Facts," Essex also cites to and relies upon information contained in documents and exhibits other than the Farooq Complaint and insurance policy.

Respectfully submitted,

**LINOWES AND BLOCHER LLP**

By:  ___/s/  *Gerald W. Heller*___
        Gerald W. Heller
Bar No.:  342857
7200 Wisconsin Avenue, Suite 800
Bethesda, MD  20814-4842
Telephone:  (301) 961-5178
Facsimile:  (301) 654-2801
E-Mail:  gheller@linowes-law.com

Attorney for Defendant,
MDRB Corp. t/a Ramada Limited Corp.

L&B 722314v1/10509.0001

3

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESSEX INSURANCE CO., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:06-CV-01086-HHK |
| | * | |
| MDRB CORP., *et al.*, | * | <u>Next Scheduled Court Event</u>: |
| | * | Scheduling Conference on |
| Defendants. | * | June 8, 2007 at 10:00 a.m. |

## <u>ORDER</u>

Upon consideration of the Motion for Summary Judgment submitted by the Plaintiff, Essex Insurance Company ("Essex"), Defendant MDRB Corporation's (1) Opposition to Plaintiff's Motion for Summary Judgment and (2) Motion to Stay Proceedings, and the entire record in this case, it is this _____ day of _____, 2007,

**ORDERED** that Essex's Motion for Summary Judgment is **DENIED**, and it is further

**ORDERED** that all proceedings in this case shall be stayed until a final judgment is entered in the underlying action captioned *Farooq v. MDRB Corporation, et al.* (Case No. 1:06-CV-00211-RMC).


_____
Judge, United States. District Court for the
District of Columbia

Copies to:

Sean M. Hanifin
Benjamin G. Eggert
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C.  20006-1040

*Counsel for Plaintiff Essex Insurance Co.*

Othello C. Jones, Jr.
Anacostia Professional Building
2041 Martin Luther King, Jr. Ave. SE, Suite 244
Washington, D.C. 20020

*Counsel for Defendant Amina Farooq, as*
*Personal Representative of The Estate of Nadir Farooq*

Gerald W. Heller
Linowes and Blocher LLP
7200 Wisconsin Avenue, Suite 800
Bethesda, MD 20814-4842

*Counsel for Defendant, MDRB Corp. t/a Ramada Limited Corp.*

L&B 722403v1/10509.0001

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESSEX INSURANCE CO., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:06-CV-01086-HHK |
| | * | |
| MDRB CORP., *et al.*, | * | <u>Next Scheduled Court Event</u>: |
| | * | Scheduling Conference on |
| Defendants. | * | June 8, 2007 at 10:00 a.m. |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 11th day of January, 2007, a copy of Defendant MDRB Corporation's (1) Opposition to Plaintiff's Motion for Summary Judgment and (2) Motion to Stay Proceedings, together with the Memorandum of Points and Authorities in support thereof and the Statement of Genuine Issues and Material Facts in Dispute, were (1) sent by first-class, postage prepaid U.S. mail to the counsel listed below, and (2) filed electronically with the Clerk of the Court using the CM/ECF system, which will also send electronic notice of such filing to the following counsel of record:

Sean M. Hanifin
Benjamin G. Eggert
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C.  20006-1040

*Counsel for Plaintiff Essex Insurance Co.*

Othello C. Jones, Jr.
Anacostia Professional Building
2041 Martin Luther King, Jr. Ave. SE, Suite 244
Washington, D.C. 20020

*Counsel for Defendant Amina Farooq, as*
*Personal Representative of The Estate of Nadir Farooq*

By:    /s/  *Gerald W. Heller*
          Gerald W. Heller

L&B 722777v1/10509.0001