Case 1:06-cv-01086-HHK   Document 23-4   Filed 01/11/2007   Page 1 of 7

Jan-20-2006 06:26pm From-WRIGHT ROBINSON +2022445125 T-800 P.005/071 F-408
Case 1:06-cv-01086-HHK   Document 14   Filed 12/04/2006   Page 1 of 57

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

RECEIVED
MAY 0 3 2005

| | |
|---|---|
| AMINA FAROOQ<br>328 – 16th Street, SE<br>Washington, DC 20003<br><br>PERSONAL REPRESENTATIVE OF<br>THE ESATE OF<br>NADIR FAROOQ, Deceased,<br><br>                    Plaintiff<br><br>    vs.<br><br>MDRB, CORPORATION D/B/A<br>RAMADA INN HOTEL<br>1600 New York Avenue, NE<br>Washington, DC 20002<br><br>**Registered Agent:**<br>ALBERT CECCONE<br>4505 Harrison Street, NW<br>Washington, DC 20015<br><br>      and<br><br>JOHN DOE D/B/A T.C.B. (TAKING<br>CARE OF BUSINESS), EVENT<br>SPONSOR<br><br>      and<br><br>RICHARD DOE (SECURITY<br><br>                    Defendants | 05-0003395<br><br>Civil Action No. |

EXHIBIT 2

Jan-20-2006 06:26pm From-WRIGHT ROBINSON    Case 1:06-cv-01086-HHK   Document 14   Filed 12/04/2006   Page 2 of 7   F-408

## COMPLAINT FOR WRONGFUL DEATH AND DAMAGES

Comes now the Plaintiff, AMINA FAROOQ, Personal Representative of the Estate of NADIR FAROOQ, deceased, by and through her attorney, Othello G. Jones, Jr., and respectfully moves this Honorable Court and for a cause of action alleges:

1. That Jurisdiction of this Court is evoked by virtue of Title II Section 921 of the Code of the District of Columbia as amended.

2. That Plaintiff, AMINA FAROOQ, the mother of the decedent, NADIR FAROOQ, was duly appointed as Personal Representative of decedent's estate on December 17, 2002. A copy of Letters of Administration is attached hereto and made a party thereof.

3. That at all times relevant, the decedent, NADIR FAROOQ was a resident and citizen of the District of Columbia.

4. That at all times relevant herein, Defendant MDRB, CORPORATION D/B/A RAMADA INN HOTEL, was a corporation authorized, conducting and operating a hotel/motel business at 1600 New York Avenue, NE, Washington, DC.

5. That at all times relevant, Defendant, JOHN DOE D/B/A T.C.B. (TAKING CARE OF BUSINESS) did lease and operate a Go-Go Disco dance at Defendant MDRB, CORPORATION D/B/A RAMADA INN HOTEL hotel/motel at 1600 New York Avenue, NE, Washington, DC on September 27, 2002.

6. That at all times relevant, Defendant RICHARD ROE SECURITY COMPANY was hired by aforementioned Defendants to provide the security to ensure the safety of persons attending the Go-Go disco dance.

Jan-20-2006 06:25pm  From-WRIGHT ROBINSON  Case 1:06-cv-01086-HHK   Document 14   Filed 12/04/2006   Page 3 of 7   F-408

7. That Plaintiff brings this action against the Defendants, jointly and severally for a cause herein alleged.

## COUNT I

8. That on or about September 27, 2002, at approximately 10:00 p.m., the decedent, NADIR FAROOQ, was a lawful guest and business invitee of the Defendant, MDRB, CORPORATION D/B/A RAMADA INN HOTEL premises at 1600 New York Avenue, NE, Washington, DC having paid the admission fee to enter and attend the Go-Go Disco dance being held there.

9. That on or about September 27, 2002, while decedent, NADIR FAROOQ was a guest and invitee in Defendant's MDRB, CORPORATION D/B/A RAMADA INN HOTEL, he was attacked and stabbed in the neck with a knife by another patron attending the Go-Go Disco.

10. That Plaintiff alleges that the attack and wrongful death of decedent, NADIR FAROOQ, occurred as the proximate result of Defendant's negligence and breach of its legal duties and obligations to decedent as herein set forth.

11. That Plaintiff alleges that for along period of time prior to September 27, 2002, Defendant knew or should have known with the exercise of reasonable care that:

   a)  its hotel/motel was located in one of the highest crime districts in the District of Columbia;

   b)  various violent crimes had occurred in and about premises where Go-Go Disco Dances were attended by young people;

   c)  sale to and consumption by young people of alcoholic beverages often to lead hostile and violent action and reaction; and

    d)    many young persons in high crime communities carry concealed weapons.

12. That despite Defendant's notice of the danger of violent reactions by young people attending Disco Go-Go Dances, it negligently failed to adopt policy to prevent persons attending such dances from bringing concealed weapons into its dance ballroom.

13. That notwithstanding this particular knowledge and recognition of its legal duty, Defendant negligently, recklessly, and in wanton and willful disregard for the lives and safety of persons such as the decedent, breached its duty to decedent in, but not limited to, the following ways:

    a)    By failing to have adequate security on the premises so as to deter criminal activities against guests such as the decedent;

    b)    By failing to have adequately trained or competent security personnel on duty to protect decedent from attack by third persons;

    c)    By failing to provide security guards with proper equipment to detect possible concealed weapons; and

    d)    By failing to establish and enforce measures necessary and reasonable to protect business invitees such as decedent from persons carrying concealed weapons into disco dance on its premises.

14. That the decedent's injuries and death were wrongfully caused by the negligence of Defendants, its servants, agents and employees, who failed to properly search each patron and failed to detect and remove weapons of danger form the possession of seeking entry into the Go-Go Disco Dance.

15. That as a direct and proximate result of Defendants' negligence, wanton and willful disregard for the decedent's safety and decedent's life and its willful failure to establish and enforce adequate standards to detect concealed weapons, the decedent was violently attacked and stabbed by patron with knife while on dance floor.

16. That as a direct and proximate result of Defendant's negligence, decedent, NADIR FAROOQ was caused to suffer physical pain, mental anguish, loss of body functions, hospitalization, medicine as well as the expense of his last illness, death and burial.

## COUNT II

17. That Plaintiff adopts and incorporates by reference, all facts, counts and allegations set forth above in paragraph 1 – 16.

18. That Plaintiff alleges that Defendant JOHN DOE D/B/A T.C.B. (TAKING CARE OF BUSINESS) was the sponsor of the Go-Go Disco Dance held in the MDRB, CORPORATION D/B/A RAMADA INN HOTEL at 1600 New York Avenue, NE, Washington, DC.

19. That on or about September 27, 2002, the decedent, NADIR FAROOQ, was an invitee and paying patron into disco dance being in the MDRB, CORPORATION D/B/A RAMADA INN HOTEL at 1600 New York Avenue, NE, Washington, DC.

20. That Defendant JOHN DOE D/B/A T.C.B. (TAKING CARE OF BUSINESS) use of MDRB, CORPORATION D/B/A RAMADA INN HOTEL ballroom was with the express consent and knowledge of Defendant MDRB. CORPORATION D/B/A RAMADA INN HOTEL.

21. That Defendant knew or should have know that failure to properly search, failure to detect, and failure to move dangerous or concealed weapons on persons entering Go-Go Disco Dance increased use of deadly force against decedent and other patrons.

22. That Defendant knew or should have foreseen that young persons would behave in a hostile, violent and disorderly manner when alcoholic beverages are consumed by them.

23. That Defendant knew or should have know that fights were likely between young persons attending disco dances.

24. That as a result of the inadequate precautions and insufficient security measures taken by the Defendant, the decedent was stabbed and killed by a patron who brought a concealed weapon into the disco dance.

25. That the Defendant negligently or willfully misrepresented to the decedent that it provided and maintained adequate and reasonable security for patrons of disco dance.

## COUNT III

26. That Plaintiff adopts and incorporates by reference all facts, counts and allegations set forth above in paragraph 1 – 25.

27. That at all times material hereto, Defendant RICHARD ROE SECURITY was Employed to provide security at disco dance in MDRB, CORPORATION D/B/A RAMADA INN HOTEL at 1600 New York Avenue, NE, Washington, DC.

28. That Defendant RICHARD ROE SECURITY was negligent in its failure to

adequately and properly search each patron for concealed weapons and remove and/or confiscate such weapons prior to entry into the disco dance.

29. That as a direct and proximate result of the Defendant's negligence, decedent was stabbed and killed with a knife that was brought into disco room by another patron.

WHEREFORE, the Plaintiff prays:

1. For a Judgment against the Defendants, jointly and severally, for compensatory damages in the amount of Ten Million Dollars ($10,000,000.00).

2. For a Judgment against the Defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00).

3. For costs related to this action and reasonable attorney's fees.

4. For such other and further relief as this court may deem just and proper.

_____
OTHELLO G. JONES, JR., #25031-A
Anacostia Professional Building
2041 Martin Luther King Jr. Avenue, SE
Suite 244
Washington, DC 20020
(202) 889-1010
Attorney for Plaintiff

Trial by Jury of Six is Demanded.

_____
OTHELLO G. JONES, JR.