UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESSEX INSURANCE CO., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 1:06-CV-01086-HHK |
| | * |
| MDRB CORP., *et al.*, | *   <u>Next Scheduled Court Event</u>: |
| | *   Scheduling Conference on |
| Defendants. | *   June 8, 2007 at 10:00 a.m. |

**AFFIDAVIT IN SUPPORT OF REQUEST UNDER RULE 56(f)
THAT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE
<u>DENIED OR CONTINUED PENDING COMPLETION OF DISCOVERY</u>**

I, Gerald W. Heller, am over the age of 18 and competent to testify to the matters set forth herein:

1.    I am counsel of record for Defendant, MDRB Corporation, t/a Ramada Limited Corp. ("MDRB"), in the above-captioned case.  I submit this Affidavit pursuant to Fed.R.Civ.P. 56(f).

2.    Simultaneously with the filing of this Affidavit, MDRB has filed its (1) Opposition to Plaintiff's Motion for Summary Judgment and (2) Motion to Stay Proceedings and Opposition to Plaintiff's Motion for Summary Judgment ("Defendant's Opposition") that sets forth various reasons why Plaintiff's Motion should be denied. This Affidavit is submitted in support of the denial of Plaintiff's Motion, as well as Defendant's alternative request that Plaintiff's Motion be deferred and continued under Rule 56(f) until such time as Defendant has been afforded an opportunity to conduct pertinent discovery.


EXHIBIT
4

3.      The discovery cutoff in the case is presently scheduled for March 6, 2007. In addition to a request for production of documents, MDRB intends to note and take the deposition of Plaintiff's designee and, most likely, seek to obtain documents and obtain deposition testimony from the insurance agent/broker that sold MDRB the policy at issue in this case.

4.      Besides issues summarized in MDRB's Opposition to Plaintiff's Motion for Summary Judgment, the discovery to be obtained from Plaintiff and potential third parties will be directed at determining the nature of the relationship between Plaintiff and the entity that sold MDRB the policy at issue in this case. If Plaintiff is correct that the insurance policy does not provide coverage to MDRB in the Farooq Action, MDRB contends in the Fourth Affirmative Defense of its Answer to Essex's Complaint that it was sold an improper policy. Depending upon the nature of the relationship between Essex and its selling agent/broker, this failure or omission may be imputed to Essex.

5.      For the reasons stated at length in MDRB's Memorandum of Points and Authorities accompanying its Opposition to Plaintiff's Motion for Summary Judgment and Motion to Stay Proceedings, MDRB contends and requests that the instant insurance coverage action be stayed pending the entry of final judgment in a related negligence action that is presently pending in this Court in a case captioned *Farooq v. MDRB Corporation, et al.* (Case No. 1:06-CV-00211-RMC) (the "Farooq Action"). Without waiving its request that the insurance coverage case should be stayed pending final judgment in the Farooq Action, MDRB states that Essex's Motion for Summary Judgment should be denied or deferred pending the completion of discovery.

2

6.    Pursuant to Rule 56(f), Defendant requests that Plaintiff's Motion be denied or, alternatively, requests and moves for a deferral and continuance of Plaintiff's Motion until such time as all discovery has been concluded.

I solemnly affirm under the penalties of perjury that the contents of the foregoing Affidavit are true to the best of my knowledge, information and belief.

_____
Gerald W. Heller

Subscribed and Sworn to before me this 11th day of January, 2007.

_____
Notary Public

My Commission Expires: 5/1/09

L&B 722446v1/10509.0001

3