UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Essex Insurance Company, <br><br> Plaintiff, <br><br> v. <br><br> MDRB Corp. t/a Ramada Limited Corp., et al. <br><br> Defendants. | CIVIL ACTION NO. 1:06-cv-01086-HHK <br><br> NEXT SCHEDULED COURT EVENT: <br> Scheduling Conference on <br> June 8, 2007 at 10:00 a.m. |

**ESSEX INSURANCE COMPANY'S
REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
AND OPPOSITION TO MOTION TO STAY**

In its response to Essex's[1] Motion for Summary Judgment, Ramada purports to oppose Essex's request for a declaration that there is no coverage for the *Farooq* Action by:

(1) Ignoring that the Policy's Negligent Hiring, Training and Supervision Exclusions completely bar coverage for the *Farooq* Action;

(2) Contending that the Assault and/or Battery Exclusions require a demonstration of intent and portraying the stabbing of Farooq in the neck as somehow unintentional in an effort to avoid the overwhelming majority of decisions that hold that the Assault and/or Battery Exclusions bar coverage; and

(3) Seeking to stay this action or otherwise defer a ruling in order to take discovery, when Ramada did not bother to serve any discovery in the more than three months since discovery opened.

None of these arguments has any support in the facts of record or applicable law, and, for the reasons set forth below and in its Memorandum in Support of its Motion for Summary Judgment, Essex is entitled to judgment in its favor as a matter of law. In addition, Ramada's motion to stay should be denied.

---

[1] In the interests of economy, Essex respectfully refers the Court to the defined terms set forth in its Memorandum in Support of its Motion for Summary Judgment.

348097 v 1

**I.    RAMADA NEVER DISPUTES THAT THE NEGLIGENT HIRING, TRAINING AND SUPERVISION EXCLUSIONS ARE A COMPLETE BAR TO COVERAGE**

As explained in Essex's opening brief, the Policy's Negligent Hiring, Training and Supervision Exclusions bar coverage for the *Farooq* Action in its entirety.[2]  Farooq alleges that Ramada failed to train and supervise sufficient security personnel to prevent the stabbing of Farooq.  Farooq's claim against Ramada arises out of that purported failure.  In its opposition, Ramada ***never*** contests the application of the Policy's Negligent Hiring, Training and Supervision Exclusions.

In *Stiglich v. Tracks, D.C., Inc.*, 721 F. Supp. 1386, 1387-88 (D.D.C. 1989), this Court construed a similar negligent hiring, training and supervision exclusion in an Essex policy.  In *Stiglich*, as in the *Farooq* Action, the claimant sued the insured, "a dance club, alleging that [the club] was negligent in failing to hire sufficient security personnel to prevent or stop an assault against [the claimant]."  Under these facts, the *Stiglich* court held that "to the extent that [the claimant's] claims suggest negligent training or supervision of [the insured's] personnel who failed to prevent or stop the assault, the Hiring/Supervision Exclusion explicitly bars coverage."

As with *Stiglich*, the entirety of the *Farooq* Action unquestionably "***arises out of***" Ramada's alleged failure to hire, train and supervise sufficient security personnel.  In particular, the *Farooq* Complaint alleges that Ramada

> negligently, recklessly and in wanton and willful disregard for the lives and safety of persons such as [Farooq], breached its duty…
>
> (a)   By failing to have adequate security on the premises…
>
> (b)   By failing to have adequately trained or competent security personnel…

---

[2] In pertinent part, the exclusions bar coverage for injury "arising out of … [a]ny charges or allegations of negligent hiring, employment, training, placement or supervision…."  *See* Essex's Statement of Undisputed Material Facts In Support of its Motion for Summary Judgment ¶¶ 22-24 (docket entry no. 14).

    (c)    By failing to provide security guards with proper equipment…; and

    (d)    By failing to establish and enforce measures necessary and reasonable to protect business invitees.

*Farooq* Complaint ¶ 13 (attached as Ex. 1 to Essex's Statement of Undisputed Material Fact (docket entry no. 14)). Critically, in its opposition to summary judgment, Ramada does not contest that the specific alleged breaches of duty at issue in the *Farooq* Action fall squarely within the provisions of the Negligent Hiring, Training and Supervision Exclusion. Essex is thus entitled to a declaration that there is no coverage for the *Farooq* Action.

## II. THE ASSAULT AND/OR BATTERY EXCLUSIONS BAR COVERAGE BECAUSE THE FAROOQ CLAIMS ARISE OUT OF THE STABBING

Ramada repeatedly misstates the holdings and reasoning of the pertinent cases that address the application of an assault and/or battery exclusion, asserting that the underlying action must demonstrate the assailant's intent for the exclusion to apply. Ramada next mischaracterizes the allegations at issue in the *Farooq* Action in an effort to portray the actions of Littlejohn – who stabbed Farooq in the neck with a serrated knife, severing his carotid artery – as something less than intentional. Ramada finally invites the Court to speculate that Littlejohn's assault was the result of intoxication. None of these misstatements allow Ramada to avoid the Policy's Assault and/or Battery Exclusions.[3]

---

[3] Ramada's "eight corners" argument, which seeks to limit the evidence before the Court, is plainly incorrect. While "eight corners" may be the test for initially determining a duty to defend, nothing in that "rule" precludes a party from seeking a judicial declaration and presenting facts – as Essex has done here – that negate any duty to defend. Once the insurer demonstrates that there is no potential duty to indemnify, the duty to defend, broad though it may be, ceases as the duty is limited to defense of claims arising from matters "to which this insurance applies." *See* Policy § I.1.a. For example, an insurer issues a policy that insures only Chevrolets. An accident occurs that involves a Ford. The claimant alleges that the car involved in the accident was a Chevrolet. The insurer may eliminate a defense duty by showing, in fact, that the car was a Ford, notwithstanding the claimant's allegation to the contrary. Similarly, an insurer might issue a policy for the year 2005. An accident occurs in 2006 but the claimant

Ignoring *Stiglich* altogether and despite acknowledging that "bodily injury arising out of assault and battery is excluded from coverage," Ramada erroneously suggests that *Interstate Fire & Casualty Co. v. 1218 Wisconsin Avenue, Inc.*, 136 F.3d 380 (D.C. Cir. 1998) held that an assault and/or battery exclusion will not apply unless there is a demonstration of intent. *See* Ramada Opp. Br. at 8-9. *Interstate Fire*, however, imposes no such requirement on the application of the assault and/or battery exclusion. Notwithstanding Ramada's gloss on the decision, *Interstate Fire* held that "[a]ny claim against [the insured] derived from the assault and battery claim plainly 'ar[ose] out of … assault and/or battery' and therefore is subject to the assault and battery exclusion." 136 F.3d at 834. This holding is consistent with the overwhelming majority of decisions ruling that an assault and/or battery exclusion will apply when the allegations against the insured arise out of an attack – irrespective of any analysis of the intent of the assailant. *See, e.g., I.J.G., Inc. v. Penn-America Ins. Co.*, 803 A.2d 430, 435-37 (D.C. 2002);[4] *Stiglich*, 721 F. Supp. at 1387-88; *Kamaki Skiathos, Inc. v. Essex Ins. Co.*, 396 F. Supp. 2d 624, 626-29 (D. Md. 2005) (referencing policy form M/E-024 (9/00)), which was also

---

pleads that the accident occurred in 2005. The insurer may eliminate any duty to defend by showing that the accident did not occur during the policy period, against notwithstanding contrary pleading. Were the law otherwise, claimants (and insureds) could require insurers to defend all suits – notwithstanding any policy terms or exclusions – through the simple expedient of inaccurate pleading.

[4] Ramada's efforts to distinguish *IJG* are unavailing. *See* Ramada Opp. Br. at 11. Contrary to Ramada's averments, the D.C. Court of Appeals' holding in *IJG* was not premised on a purportedly broader exclusion; rather, the *IJG* court merely noted in dicta that the policy language at issue differed slightly from that at issue in *Interstate Fire*. *See* 803 A.2d at 436. This observation played no role in the court's central focus on whether the underlying facts arose out of an attack. *See id.* at 435 ("close inspection of the [underlying] complaint … reveals, without doubt, that the pleading sets forth a cause of action in tort which is plainly bottomed on an affray"). Notably, Ramada makes no effort to distinguish *Stiglich* or any of the other cases cited in Essex's opening brief.

348097 v 1

part of the Essex Policy here).[5]

Furthermore, Ramada's discussion of *Interstate Fire* overlooks that the court's rulings were based upon circumstances that are not present here. *Interstate Fire* involved a concededly intoxicated patron; the thrust of the plaintiff's case was that the bar had over-served him. The *Interstate Fire* court concluded only that there was a duty to defend "any claim arising from the attacker's negligent intoxication," despite the presence of an assault and/or battery exclusion. 136 F.3d at 835. The court held that the allegation of intoxication inherent in a negligent intoxication claim conceivably could negate the assault and/or battery exclusion because the negligent intoxication "claim would be distinguishable from one of assault and battery." *Id.* In contrast to *Interstate Fire*, the *Farooq* Action asserts that Ramada failed to maintain sufficient security to prevent an assault – a claim that, unlike a claim for negligent intoxication, does not include any element that potentially could negate intent required for an assault and battery. *See* Farooq Complaint ¶ 14.

In addition, without citation to any supporting record evidence, Ramada utterly mischaracterizes the allegations of the *Farooq* Action in suggesting that Littlejohn was intoxicated at the time of the assault. *See* Ramada Opp. Br. at 7, 10. The only reference to intoxication in the *Farooq* Complaint is a single phrase in a single paragraph referencing that Ramada knew or should have known that "sale to and consumption by young people of alcoholic beverages often to lead [sic] hostile and violent action and reaction." *Farooq* Complaint ¶ 11(c). ***Nowhere in the Farooq complaint is there an allegation that Littlejohn had consumed alcohol***. Indeed, the *Farooq* Complaint does not allege that alcohol was served at the dance held at the

---

[5] *See also Penn-America Ins. Co. v. Lewis*, 395 F. Supp. 2d 250, 254 (D. Md. 2005); *First Fin. Ins. Co. v. GLM, Inc.*, 88 F. Supp. 2d 425, 429-431 (D. Md. 2000); *Northfield Ins. Co. v. Boxley*, 215 F. Supp. 2d 656, 660 (D. Md. 2002); *Sphere Drake Ins., PLC v. Carolina Restaurant, Inc.*, Civ. A. No. HAR 91-1769, 1992 WL 138352, at * 3 (D. Md. June 3, 1992).

348097 v 1

Ramada or that alcohol was involved in any way in the stabbing of Farooq.[6]  Rather, Ramada's alleged breach centers on its failure to maintain, train and supervise sufficient security personnel to prevent concealed weapons from being brought into the dance.  *See id.* ¶¶ 12-13.

Ramada thus has no basis for its assertion that "a fair and reasonable reading of this portion of the *Farooq* Complaint and inference therefrom is that the assailant in this case had consumed alcohol and that the effect of this alcohol 'consumption' and possible intoxication was a 'hostile and violent action and reaction resulting in the decedent's death." *See* Ramada Opp. Br. at 10 (citations omitted).  Ramada's mischaracterization of the *Farooq* Complaint is not an inference reasonably drawn from the record, and Ramada otherwise has adduced no evidence reflecting that Littlejohn was intoxicated at the time of the stabbing.  Ramada does no more than invite the Court to speculate that Littlejohn may have been intoxicated.  Speculation is insufficient to resist summary judgment.  Fed. R. Civ. P. 56(e) provides that a party opposing summary judgment may not "rest upon … mere allegations" and "must set forth specific facts showing that there is a genuine issue for trial."  Ramada offers no facts.  *See Ikossi v. England*, 406 F. Supp. 2d 23, 30-31 (D.D.C. 2005) (holding that "in proffering evidence to defeat a motion for summary judgment, the nonmoving party cannot simply rely on conclusory statements or allegations.")

In sum, *Interstate Fire* did not hold, as Ramada suggests that, in all cases involving an assault and/or battery exclusion, intent must be demonstrated.  The court in *Interstate Fire* held that "[a]ny claim against [the insured] derived from the assault and battery claim plainly ar[ose]

---

[6] Further underscoring the incongruity of its mischaracterization of *Farooq* Complaint, Ramada specifically notes that "there is no allegation that [Ramada] furnished alcohol to the assailant or caused the assailant's possible intoxication."  *See* Ramada Opp. Br. at 10 n.9.  In fact, there is no allegation that any defendant in the *Farooq* Action furnished alcohol to Littlejohn.

- 6 -

out of … assault and/or battery' and therefore was subject to the assault and battery exclusion," which is consistent with the majority of courts construing assault and/or battery exclusions. *See* 136 F.3d at 834. *See also I.J.G.*, 803 A.2d at 435-37; *Stiglich*, 721 F. Supp. at 1387-88; *Kamaki Skiathos*, 396 F. Supp. 2d at 626-29. Accordingly, because Ramada has not identified any legal or factual ground to preclude the application of the Assault and/or Battery Exclusions, Essex is entitled to a declaration that the exclusions bar coverage for the *Farooq* Action.

### III.   RAMADA NEVER DISPUTES THAT FAROOQ'S PUNITIVE DAMAGES CLAIM IS NOT COVERED

As set forth at greater length in Essex's summary judgment brief, the punitive damages claims in the *Farooq* Action are barred by the plain language of the Policy, which provides that "[p]unitive or [e]xemplary [d]amages [are] not covered." *See* Statement of Facts ¶ 25. *See also Indep. Petrochemical Corp. v. Aetna Cas. & Sur. Co.*, No. Civ. A. 83-3347, 1988 WL 877629, at *81 (D.D.C. Sept. 7, 1998) (holding that punitive damages exclusion bars coverage for punitive damages claim). In its opposition to summary judgment, Ramada does not dispute that Farooq's punitive damages claims simply are not covered under the Policy. Accordingly, Essex is entitled to a declaration that there is no coverage under the Policy for the punitive damages sought in the *Farooq* Action.

### IV.   THERE IS NO REASON TO STAY THIS CASE OR DEFER RULING ON SUMMARY JUDGMENT

#### A.   There Is No Basis To Stay This Matter Pending the Resolution of the *Farooq* Action

Ramada begins its attempt to avoid a ruling on summary judgment by arguing that this proceeding should be stayed purportedly because it is improper to seek a declaratory judgment prior to the resolution of the *Farooq* Action, relying upon *Brohawn v. Transamerica Insurance Co.*, 347 A.2d 842 (Md. 1975) and similar cases. *See* Ramada Opp. Br. at 3, 12-14. This Court

348097 v 1

has rejected Ramada's argument and ruled that a court may rule on an insurance coverage declaratory judgment action while the underlying tort claim remains pending. *See Stiglich*, 721 F. Supp. at 1388 (rejecting argument that it would be premature to resolve coverage issues before a ruling on the insured's liability because the court would assume that the claimant's allegations were all true and that the insured was liable). *See also Athridge v. Aetna Cas. and Sur. Co.*, No. Civ. A. 96-2708, 2001 WL 214212, at * 6.[7]

### B. There Is No Reason to Defer Ruling on Summary Judgment To Permit Ramada to Take Discovery

In also seeking to defer a ruling on summary judgment pursuant to Rule 56(f), Ramada mischaracterizes the circumstances of discovery in suggesting that Essex has endeavored to prematurely move for summary judgment in advance of the February 23, 2007 fact discovery cut-off. *See* Ramada Opp. Br. at 14 n.11. Discovery commenced on October 4, 2006, when the parties exchanged initial disclosures, and in the more than three months since the parties could take discovery, Ramada did not serve ***any*** discovery until January 12, 2007, only weeks before the close of fact discovery on February 23, 2007 and only after Ramada had opposed Essex's motion for summary judgment.[8]

---

[7] Moreover, unlike *Brohawn* and similar cases, which involved coverage and underlying tort suits that addressed identical issues, here the issues in the two suits are completely different. This coverage litigation concerns whether the relevant exclusions apply; in contrast, the *Farooq* Action concerns "whether MDRB had a duty to protect Farooq, whether MDRB failed to do so, and whether MDRB is thereby legally responsible for the events that occurred." *See* Ramada Opp. Br. at 4-5. Therefore, unlike *Brohawn*, there is no meaningful overlap between the coverage litigation and the underlying tort action.

[8] In any event, the discovery sought by Ramada relates to the liability of an unnamed third-party "agent/broker" – not Essex – and has no bearing upon the allegations in the *Farooq* Action or the application of the exclusions discussed above. Even if, as Ramada suggests, the unspecified third-party's purported liability in selling to Ramada an "improper" policy could be somehow imputed to Essex, discovery related to these speculative and conclusory notions has no bearing on the application of policy provisions that are the subject of the pending motion for

**V.     CONCLUSION**

For the foregoing reasons, and those set forth in Essex's Memorandum in Support of its Motion for Summary Judgment, under the relevant policy language and applicable law, Essex is entitled to summary judgment as a matter of law and a declaration that it has no duty to defend or to indemnify Ramada for the *Farooq* Action.  In addition, for the foregoing reasons, MDRB's Motion to Stay should be denied.

                                                                Respectfully submitted,


Dated:  January 22, 2007                    By:   /s/ Benjamin C. Eggert
                                                        Sean M. Hanifin, D.C. Bar No. 358347
                                                        Benjamin C. Eggert, D.C. Bar No. 474218
                                                        ROSS, DIXON & BELL, LLP
                                                        2001 K Street, N.W.
                                                        Washington, D.C.  20006-1040
                                                        Telephone: (202) 662-2000
                                                        Facsimile: (202) 662-2190

                                                        *Attorneys for Plaintiff*
                                                        *Essex Insurance Company*

---

summary judgment.  *See Burton v. Batista*, 339 F. Supp. 2d 97, 115 n.2 (D.D.C. 2004) (rejecting request for relief under Rule 56(f) where grounds for summary judgment would not be impacted by requested discovery); *Carpenter v. Federal Nat'l Mort. Ass'n*, 174 F.3d 231, 237-38 (D.C. Cir. 1999) (rejecting request for relief under Rule 56(f) where request is based on conclusory assertions without any supporting facts that would affect the result of the pending motion). Finally, as set forth in the Declaration of Chuck Kyte (Essex Assistant Vice President for Casualty Claims), Essex has no ownership or control over the other entities involved in the sale of the policy to Ramada.  *See* Kyte Decl. (attached as Ex. A).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of January, 2007, a copy of the foregoing Essex Insurance Company's Reply in Support of its Motion for Summary Judgment and Opposition to Motion to Stay was (1) sent by first-class U.S. mail, postage prepaid to counsel listed below and (2) was filed electronically with the Clerk of the Court using the CM/ECF system, which also will send electronic notice of such filing to the following counsel of record:

>Gerald W. Heller, Esq.
>Linowes and Blocher, LLP
>7200 Wisconsin Avenue, Suite 800
>Bethesda, MD 20814-4842
>
>*Counsel for Defendant MDRB Corp. t/a Ramada Ltd. Corp.*
>
>Othello C. Jones, Jr., Esq.
>Anacostia Professional Building
>2041 Martin Luther King Jr. Ave., S.E.
>Suite 244
>Washington, D.C. 20020
>
>*Counsel for Defendant Amina Farooq, as Personal Representative of The Estate of Nadir Farooq*

>/s/ Benjamin C. Eggert
>Benjamin C. Eggert