UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Essex Insurance Company,

      Plaintiff,

v.

MDRB Corp. t/a Ramada Limited Corp., et al.

      Defendants.

CIVIL ACTION NO. 1:06-cv-01086-HHK

NEXT SCHEDULED COURT EVENT:
Scheduling Conference on
June 8, 2007 at 10:00 a.m.

### DECLARATION OF CHUCK KYTE
### IN SUPPORT OF ESSEX INSURANCE COMPANY'S
### MOTION FOR SUMMARY JUDGMENT

Chuck Kyte declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.     I am an Associate Vice President for Casualty Claims at Essex Insurance Company ("Essex"), and I have personal knowledge of the facts that are the subject of this declaration.

2.     I am familiar with the corporate structure and affiliates of Essex, its corporate parent, and its corporate parent's subsidiaries.

3.     It is my understanding that Defendant MDRB Corp. t/a Ramada Limited Corp. ("Ramada") has stated to the Court that it wishes to seek discovery from Essex "directed a determining the nature of the relationship between [Essex] and the entity that sold MDRB the policy at issue in this case." See Affidavit of G. Heller in Support of Ramada's Request Under Rule 56(f) (docket entry no. 23).

4.     Apart from Essex, there were two entities involved in the issuance of the applicable policy to Ramada: (1) Acordia of Virginia ("Acordia"), the retail agent that sold the applicable policy to Ramada, and (2) Royal Oak Underwriters, Inc. ("Royal Oak"), the

**EXHIBIT A**

producer/wholesaler that served as Essex's agent with regard to the issuance of the applicable policy.

5.      Essex does not own or control, and is not in any manner affiliated with Acordia or Royal Oak, which are owned and operated independent of Essex, its corporate parent and its corporate parent's subsidiaries.

6.      In addition, pursuant to surplus lines guidelines, Essex and its employees cannot have any direct interaction with Acordia, which is the retail agent that sold the applicable policy to Ramada. Instead, when issuing a policy such as the one at issue in this case on a surplus lines basis, Essex would interact with Acordia only through Royal Oak.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct.

Dated: January 21nd 2007

By: _____
Chuck Kyte
Associate Vice President – Casualty Claims
Essex Insurance Company

X _Dion L. Coleman_

Embossed Hereon is My
Commonwealth of Virginia Notary Public Seal
My Commission Expires March 31, 2010
DION L. COLEMAN

- 2 -