# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESSEX INSURANCE CO., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:06-CV-01086-HHK |
| | * | |
| MDRB CORP., *et al.*, | * | <u>Next Scheduled Court Event</u>: |
| | * | Scheduling Conference on |
| Defendants. | * | June 8, 2007 at 10:00 a.m. |

## DEFENDANT MDRB CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS

Defendant, MDRB Corporation, t/a Ramada Limited Corp. ("MDRB"), by and through its undersigned counsel, submits this Reply in further support of its motion that this Court stay the proceedings in the instant action (the "Insurance Coverage Action") until final judgment is rendered in a related negligence action that is presently pending in this Court in a case captioned *Farooq v. MDRB Corporation, et al.* (Case No. 1:06-CV-00211-RMC) ("Farooq Action"). The Farooq Action is the subject of this Insurance Coverage Action.

In Defendant MDRB Corporation's Memorandum of Points and Authorities  (1) In Opposition to Plaintiff's Motion for Summary Judgment and (2) In Support of Its Motion to Stay Proceedings (Docket Entry No. 23; hereinafter "Memorandum In Support of Stay"), MDRB cites several cases and other authority supporting its request for a stay of the Insurance Coverage Action pending resolution of the Farooq Action.  None of the arguments made by Essex in its opposition to MDRB's request for a stay undercuts the conclusion reached by these courts, and endorsed by legal commentators, that insurance coverage actions should be stayed "while the main action against the insured [here, the Farooq Action] remains pending":

The only legitimate purposes to be served by an adjudication of the insurance company's coverage obligation while the main action against the insured is pending are (a) potentially, to save the company the expense of having to defend the insured when the complaint gives rise to a duty to defend, and (b) to assist the insurer in avoiding liability by enabling it to obtain a court's approval before denying a request for policy benefits. Neither end warrants requiring the insured to litigate the issues regarding liability both in the main case and in a declaratory judgment action. Refusing the insurance company the option of seeking a declaratory judgment does work to its disadvantage, but not inequitably so. Such refusal will merely require the insurer to comply with its contractual obligations until the lawsuit against its insured is terminated."

Alan D. Windt, *Insurance Claims & Disputes,* § 8.04 at 15 (4th ed.).

Essex, however, inaccurately claims that the Insurance Coverage Action "concerns whether the relevant exclusions apply" and "there is no meaningful overlap between coverage litigation and the underlying tort action." (Essex Insurance Company's Reply Brief In Support of Its Motion for Summary Judgment and Opposition to Motion to Stay [hereinafter "Essex's Opposition"], p. 8, n. 7). In virtually every insurance coverage case, among the key issues to decide is whether "relevant exclusions apply;" as such, Essex's argument concerning this point is difficult to fathom and, in any event, plainly does not support its opposition to MDRB's requested relief.

Furthermore, there is, in fact, "meaningful overlap" between the Insurance Coverage Action and the underlying Farooq Action. For example, the circumstances surrounding the stabbing and whether this constitutes a legally cognizable civil assault and battery subject to the assault and battery exclusion contained in the insurance policy is an issue likely to be further developed in the Farooq Action.[1] Essex's claim that there are no overlapping issues is incorrect, and this Insurance Coverage Action should be stayed pending resolution of the Farooq Action.

---

[1]    MDRB has explained at some length in its Memorandum In Support of Stay the reasons why the incidents alleged in the Farooq Action may not constitute a civil assault and battery. *See* Memorandum in Support of Stay, pp. 7-11. It also must be noted in this regard that Plaintiff in

Nor do Essex's arguments gain any traction based upon *Stiglich v. Tracks, D.C., Inc.,* 721 F. Supp. 1386 (D.D.C. 1989). *Stiglich* pre-dates the D.C. Circuit's decision in *Interstate Fire and Cas. Co. v. 1218 Wisconsin Ave., Inc., 136 F.3d 830 (D.C.Cir. 1998)*, a case discussed in detail by MDRB in its prior submission with the Court (*See* Memorandum in Support of Stay, pp. 8-11). In light of the allegations of the Farooq Complaint, and pursuant to *Interstate Fire*, Essex at a minimum has a duty to defend MDRB in the Farooq Action.

Besides the assault and battery exclusion, Essex also attempts to use the "negligent hiring" exclusion to buttress its arguments. That exclusion, though, plainly does not preclude the potential for insurance coverage or support Essex's opposition to MDRB's requested stay. Plaintiff's allegations of MDRB's negligence in the Farooq Action include claims besides "negligent hiring." MDRB, for example, is alleged to have been negligent because it "knew or should have known with reasonable care that … sale to and consumption by young people of alcoholic beverages often leads [to] hostile and violent action and reaction." Farooq Complaint, ¶11(c)[2]. In addition to this claim of negligence, Plaintiff alleges that MDRB "negligently failed to adopt [a] policy to prevent persons attending such dances from bringing concealed weapons

---

the Farooq Action has pled a wrongful death action, which is distinguishable from a civil assault and battery. The distinctive nature of these actions is reflected, among other ways, in the applicable statute of limitations. The statute of limitations for assault and battery is one year. No limitations period is specifically prescribed in the District of Columbia Code for a wrongful death action, resulting in a three year statute of limitations for these claims. *See* D.C. Code Ann. 12-301 (4) and (8) (2001).

[2]    Essex wrongly states that "The only reference to intoxication in the Farooq Complaint is a single phrase in a single paragraph…."(Essex Opposition, p. 5). In fact, besides paragraph 11(c), Essex fails to take note of paragraph 22 of the Farooq Complaint, where Plaintiff alleges that the Defendant subject to Count II of the Complaint, "knew or should have foreseen that young persons would behave in a hostile, violent and disorderly manner when alcoholic beverages are consumed by them." (emphasis added)

Furthermore, even if the only reference to intoxication is in paragraph 11(c) of the Farooq Complaint as Essex erroneously claims, this by itself creates the potentiality of insurance coverage requiring Essex to defend MDRB in the Farooq Action.

into its dance ballroom." *Id*., Count I, ¶12.  These negligence based claims are outside the purview of the "negligent hiring" exclusion relied upon by Essex.[3]

Essex further asserts that there is no reason to defer ruling on its summary judgment motion in order to permit MDRB to conduct discovery.  Essex's opposition to MDRB's right to conduct discovery is puzzling and without merit.  Despite Essex's suggestion to the contrary, MDRB has initiated discovery within the Court's stated discovery cut off.  Document requests were served on Essex on January 12, and depositions of Essex and another entity have been noted for February 21 and 22.  Correspondence and these various discovery requests are attached collectively hereto as Exhibit 1.

Based on the facts of this case and pertinent authority, the Insurance Coverage Litigation should be stayed pending the resolution of the underlying Farooq Action.  Undersigned counsel for MDRB has suggested this course of action on more than one occasion to Essex's counsel.  It is only because Essex has refused to voluntarily agree to a stay, despite the fact that such a stay is warranted by the facts and law, that MDRB has been forced to file a motion requesting this relief, while simultaneously expending time and money on discovery that would not be required if Essex agreed to a stay in the first instance.

## Conclusion

For the reasons set forth above, as well as to Memorandum In Support of Stay and entire record in this case, MDRB respectfully requests that all proceedings in this Insurance Coverage

---

[3]    Essex's citation to and reliance upon *Athridge v. Aetna Cas. and Sur. Co., No. Civ. A. 96-2708, 2001 WL 214212* (D.D.C. 2001) is similarly misplaced.  Not only is that case factually dissimilar to the Insurance Coverage Action, but we note that the magistrate judge's grant of summary judgment on the insurer's behalf on the insured's claim for indemnification was reversed.  *See Athridge v. Aetna Cas. and Sur. Co.,* 359 U.S. App. D.C. 22, 351 F.3d 1166 (2003) ("Because there is a factual issue relating to whether Aetna's policy exclusion applies to Jorge, the magistrate judge incorrectly granted summary judgment on the Athridges' indemnification claim.").

Action be stayed pending the entry of final judgment in the Farooq Action and that the Court

grant MDRB such further and additional relief it deems just and proper.

Respectfully submitted,

**LINOWES AND BLOCHER LLP**


By: ____/s/ _Gerald W. Heller____
      Gerald W. Heller
Bar No.: 342857
7200 Wisconsin Avenue, Suite 800
Bethesda, MD 20814-4842
Telephone: (301) 961-5178
Facsimile: (301) 654-2801
E-Mail: gheller@linowes-law.com

Attorney for Defendant,
MDRB Corp. t/a Ramada Limited Corp.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESSEX INSURANCE CO., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:06-CV-01086-HHK |
| | * | |
| MDRB CORP., *et al.*, | * | <u>Next Scheduled Court Event</u>: |
| | * | Scheduling Conference on |
| Defendants. | * | June 8, 2007 at 10:00 a.m. |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 1st day of February, 2007, a copy of Defendant MDRB Corporation's Reply in Support of its Motion to Stay Proceedings (1) sent by first-class, postage prepaid U.S. mail to the counsel listed below, and (2) filed electronically with the Clerk of the Court using the CM/ECF system, which will also send electronic notice of such filing to the following counsel of record:

Sean M. Hanifin
Benjamin G. Eggert
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040

*Counsel for Plaintiff Essex Insurance Co.*


Othello C. Jones, Jr.
Anacostia Professional Building
2041 Martin Luther King, Jr. Avenue, S.E.
Suite 244
Washington, D.C. 20020

*Counsel for Defendant Amina Farooq, as*
*Personal Representative of The Estate of Nadir Farooq*


By: ___/s/  *Gerald W. Heller*___
Gerald W. Heller

L&B 728326v1/10509.0001

6