

# LINOWES
## AND | BLOCHER LLP
### ATTORNEYS AT LAW

January 12, 2007

**Gerald W. Heller**
301.961.5178
gheller@linowes-law.com

<u>HAND DELIVER</u>
Sean M. Hanifin, Esquire
Ross, Dixon & Bell, LLP
2001K Street, NW
Washington, D.C. 20006

Re:    *Essex Insurance Company v. MDRB Corp. et al.* (D.D.C.; Civil Action No. 06-0186
(HHK))

Dear Sean:

Enclosed is a copy of Defendant MDRB's Request for Production of Documents to Essex
Insurance Company.  When you get an opportunity, please call me so we can discuss the
scheduling of certain depositions, including your client's designee, as well as this case in
general.

Thank you and best personal regards.

Very truly yours,

**LINOWES AND BLOCHER LLP**

Gerald W. Heller

GWH/nb
Enclosure
Cc:  Gareth S. Smith, Esquire
        Mr. Deepak Bhatnagar (w/encl.)

**EXHIBIT**
**1**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ESSEX INSURANCE CO., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:06-CV-01086-HHK |
| | * | |
| MDRB CORP., *et al.*, | * | |
| | * | |
| Defendants. | * | |

**DEFENDANT MDRB CORPORATION'S REQUEST FOR**
**PRODUCTION OF DOCUMENTS TO PLAINTIFF ESSEX INSURANCE CO.**

Defendant, MDRB Corporation, t/a Ramada Limited Corp. ("MDRB"), by and through its undersigned counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, requests that request that Plaintiff Essex Insurance Company (hereinafter, "Essex" or "you") produce, within thirty (30) days after service hereof, the following documents for inspection and copying at the offices of Linowes and Blocher LLP, 7200 Wisconsin Avenue, Bethesda, Maryland 20814. Alternatively, within thirty (30) days after service hereof, copies of all materials responsive to these requests may be sent to the MDRB's undersigned counsel. MDRB also requests that Essex file a written response to this Request for Production of Documents as required by Rule 34(b).

**INSTRUCTIONS**

A.    In accordance with Rule 34(b), your written response "shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.    If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts."

B.      In accordance with Rule 34(b), you are required to produce the documents "as they are kept in the usual course of business," or "organize and label them to correspond with the categories in the request."

C.      In accordance with Rule 34(a), these requests encompass all items within your "possession, custody or control."

D.      In accordance with Rule 26(e), these requests are continuing and, in the event that additional documents become known to you after the filing of your initial responses, you are required to produce them when they are created or when they come into your possession, custody or control.

E.      If you perceive any ambiguity in any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

F.      If any documents are unavailable for production because they have been misplaced, discarded, or destroyed, identify the unavailable documents and state the reasons for their unavailability.  As to each such document, state its date, author, addressee, each person who received copies of the document, and a summary of its substance.

G.      If any documents are unavailable for production because they are in the custody or control of a third person, identify such documents or categories of documents and identify the third person with possession or control of them.

H.      If you contend that any document responsive to the requests is privileged in whole or in part, please identify the document, the person who prepared it, the person to whom it was sent (if anyone), the date it was prepared, the type of document (i.e., letter, memorandum, e-mail, etc.), and the number of pages.  Also, please specifically identify the exact privilege claimed.  If

the document contains both privileged and non-privileged material, please delete the privileged portion and submit whatever portions remain.

## DEFINITIONS

A.    As used in these requests, the terms **"document," "record,"** and **"material"** have the broadest possible meaning allowed under Rule 34(a), including but not limited to, any written, printed, typed, electronic, or graphic matter of any kind or nature, however produced or reproduced, whether sent or received or neither, including all originals, drafts, copies, and non-identical copies bearing notations or marks not found on the original(s).

B.    As used in these requests, the term **"communication"** means any manner or form of information or message transmission, however produced or reproduced, whether by document as herein defined, orally or otherwise, which is made, distributed, or circulated between or among persons or data storage or processing units, and any and all documents contained, consisted of, or relating or referring, in any way, either directly or indirectly, to the communication.

C.    As used in these requests, the term **"person"** includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity.

D.    As used in these requests, references to any natural person shall be deemed to include that natural person's agents, attorneys, accountants, representatives, employees, and successors.

3

E.      As used in these requests, references to any entity other than a natural person shall be deemed to include that entity's subsidiaries, affiliates, divisions, successors, and assigns, and its and their respective employees, agents, officers, directors, attorneys, and representatives.

F.      As used in these requests, the singular shall include the plural, the plural shall include the singular, and masculine pronouns shall include the feminine and the neuter.

G.      As used in these requests, the terms **"and"** and **"or"** shall be construed either conjunctively or disjunctively to bring within the scope of these discovery requests any information which might otherwise be construed to be outside the their scope. The word **"any"** shall be interpreted to include the word **"all"** and vice versa.

H.      As used in these requests, the terms **"you"** or **"your"** refer to the party to whom these Requests are addressed, and all of that party's agents, representatives or attorneys.

I.      As used in these requests, the term **"complaint"** means the Complaint for Declaratory Relief filed by Essex in the case captioned above, and any references to **"this action,"** **"this proceeding,"** or **"the insurance coverage dispute"** are to the case captioned above.

J.      As used in these requests, the term **"Farooq Action"** means the case captioned *Farooq v. MDRB Corporation, et al.*, Civil Action No. 06-CV-00211-RMC, currently pending in the United States District Court for the District of Columbia.

K.      As used in these requests, the term **"Ramada Inn"** or **"the Hotel"** means the property located at 1600 New York Ave., NE, Washington, DC 2002.

L.      As used in these requests, the term **"the Policy"** means the Commercial General Liability Policy No. 3CH1121 Essex issued to MDRB for the policy period July 10, 2002 to July 10, 2003.

## DOCUMENTS REQUESTED

**Request No. 1:**    All documents or communications including but not limited to correspondence, records, or other material relating to any and all claims in this action and the Farooq Action.

**Request No. 2:**    All documents, correspondence, records, or other material, including but not limited to writings, photographs, recordings, and electronic and mechanical information storage devices which you intend to offer in evidence to support or refute, or to corroborate, any part of the claims, defenses, or allegations made in this proceeding.

**Request No. 3:**    All correspondence, memoranda, records or other documents that were generated in connection with events recited in the Complaint or that arise out of, are in connection with, or relate to those events.

**Request No. 4:**    All written, taped, or otherwise recorded statements from any person relating to the subject matter of this action.

**Request No. 5:**    All correspondence between you and any third party relating to the subject matter of this action.

**Request No. 6:**    All documents furnished to, or received from, any expert witness in connection with this action.

**Request No. 7:**    Any written expert report, study, or summary you intend to rely upon at the trial of the action.

**Request No. 8:**    A copy of the résumé or curriculum vitae of any expert witness you anticipate calling at the trial of this matter.

**Request No. 9:**    All texts, treatises or articles which you or any witness you call intend to rely on introduce at trial.

5

**Request No. 10:**    All documents that you intend to utilize as exhibits in the trial of this matter.

**Request No. 11:**    All correspondence, records, notes, drafts, reports, and other documents prepared or reviewed by any expert you expect to call as a witness in this case, including but not limited to the expert's entire original file, telephone messages, calendar and journal entries, and findings, opinions, and conclusions reached in connection with this case.

**Request No. 12:**    Any and all documents you generated and sent to any third party related to the claims in this action.

**Request No. 13:**    Any and all documents concerning your investigation of the events at issue in the Farooq Action.

**Request No. 14:**    All policies, agreements or contracts, or addendum(s) or amendment(s) thereto, including drafts, copies, executed and unexecuted versions, between you and the MDRB.

**Request No. 15:**    All correspondence, memoranda, contracts, or agreements with any agent, broker, or insurance firm relating to the Policy, MDRB, or Deepak Bhatnager.

**Request No. 16:**    All correspondence, memoranda, contracts, or agreements with any agent, broker, or insurance firm identified in response to the preceding Request, relating to the relationship between Essex and that person or entity and Essex's compensation of that person or entity.

**Request No. 17:**    To the extent not produced in response to the foregoing requests, please produce any and all documents concerning the facts alleged in the Complaint or the defenses in MDRB's Answer.

**Request No. 18:**    Any and all documents or communications including but not limited to policy manuals, guidelines, circulars and alerts regarding the issuance of insurance policies for or relating to any and all claims in this action and the Farooq Action.

**Request No. 19:**    Any and all documents or communications including but not limited to policy manuals, guidelines, circulars and alerts regarding the issuance of insurance policies for or relating to the underwriting of the insurance policy in this case.

**Request No. 20:**    Any and all documents or communications including but not limited to policy manuals, guidelines, circulars and alerts regarding the issuance of insurance policies for or relating to motels, hotels and innkeepers.

**Request No. 21:**    Any and all documents or communications including but not limited to policy manuals, guidelines, circulars and alerts regarding the issuance of insurance policies for or relating to assault and/or battery.

**Request No. 22:**    Any and all documents or communications including but not limited to policy manuals, guidelines, circulars and alerts regarding the issuance of insurance policies for or relating to intoxicated individuals.

**Request No. 23:**    Any and all documents or communications contained within the claims file in this case and the Farooq Action.

**Request No. 24:**    Any and all documents or communications contained within the underwriting file in this case and the Farooq Action.

**[Signature Follows]**

Respectfully submitted,

**LINOWES AND BLOCHER LLP**

By: _____

Gerald W. Heller

Bar No.: 342857

7200 Wisconsin Avenue, Suite 800

Bethesda, MD 20814-4842

Telephone: (301) 961-5178

Facsimile: (301) 654-2801

E-Mail: gheller@linowes-law.com

Attorney for Defendant,

MDRB Corp. t/a Ramada Limited Corp.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12<u>th</u> day of January, 2007, a copy of the foregoing Defendant MDRB Corporation's Request for Production of Documents to Plaintiff Essex Insurance Co. was hand delivered to:

Sean M. Hanifin

Benjamin G. Eggert

Ross, Dixon & Bell, LLP

2001 K Street, N.W.

Washington, D.C. 20006-1040

and sent by first-class, postage prepaid U.S. mail to:

Othello C. Jones, Jr.

Anacostia Professional Building

2041 Martin Luther King, Jr. Ave. SE, Suite 244

Washington, DC 20020

By: _____

Gerald W. Heller

L&B709902v1/10509.0001

8

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ESSEX INSURANCE CO.,           *

        Plaintiff,       *

                    *

v.                       *   Civil Action No. 1:06-CV-01086-HHK

                    *

MDRB CORP., *et al.*,         *   <u>Next Scheduled Court Event</u>:

                    *   Scheduling Conference on

        Defendants.       *   June 8, 2007 at 10:00 a.m.

## NOTICE OF RULE 30(b)(6) DEPOSITION OF
## <u>PLAINTIFF ESSEX INSURANCE CO.</u>

**PLEASE TAKE NOTICE** that commencing on February 21, 2007, at 10:30 a.m. at the offices of Linowes and Blocher LLP, 7200 Wisconsin Avenue, Suite 800, Bethesda, Maryland 20814, the Defendant, MDRB Corp. ("MDRB"), will take the deposition upon oral examination of the Plaintiff, Essex Insurance Co. ("Essex"), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure before a Notary Public or officer duly authorized to administer oaths. Essex is required to and shall designate one or more officers, directors, or managing agents or other persons to testify on its behalf with respect to the following matters:

### <u>Subject Matters of Deposition</u>

1. Any and all facts and circumstances concerning the sale, purchase, selection or acquisition of a Commercial General Liability Policy, Policy No 3CH1121, obtained by Acordia of Virginia Insurance Agency, Inc. ("Acordia") and/or Royal Oak Underwriters, Inc. ("Royal Oak") and issued by Essex naming as the insured Ramada Limited Corp., t/a MDRB Corp., for the premises located at

1600 New York Ave., N.E., Washington, D.C. for the policy period of July 10, 2002 to July 10, 2003 (hereinafter the "Insurance Policy").

2.  All communications between Essex, MDRB, Acordia, and/or Royal Oak concerning the Insurance Policy or any other proposed insurance policy for the premises located at 1600 New York Avenue, N.E., Washington. D.C.

3.  The facts and circumstances concerning the legal relationship between Acordia and Essex.

4.  The facts and circumstances concerning the legal relationship between Royal Oak and Essex.

5.  Any commission or other payments paid by Essex to Acordia relating to the Insurance Policy.

6.  Any commission or other payments paid by Essex to Royal Oak relating to the Insurance Policy.

7.  Any commission or other payments paid by Essex to Acordia for the time period 2002 to present in connection with the issuance of insurance policies.

8.  Any commission or other payments paid by Essex to Royal Oak for the time period 2002 to present in connection with the issuance of insurance policies.

9.  Any and all facts and circumstances concerning the availability and limitations of Commercial General Liability policies for businesses for hotel, motel, innkeeper and restaurant businesses located in Washington, D.C. for the time period 2000 to present.

10. Any and all facts and circumstances concerning the availability and limitations of Commercial General Liability policies for assault and battery coverage for hotel, motel, innkeeper and restaurant businesses located in Washington, D.C. for the time period 2000 to present.

11. Any and all facts and circumstances concerning the availability and limitations of Commercial General Liability policies for physical altercation coverage for hotel, motel, innkeeper and restaurant businesses located in Washington, D.C. for the time period 2000 to present.

12. Any and all facts and circumstances concerning the availability and limitations of Commercial General Liability policies for employment, hiring and supervision coverage for hotel, motel, innkeeper and restaurant businesses located in Washington, D.C. for the time period 2000 to present.

13. Any and all facts and circumstances concerning the availability and limitations of Commercial General Liability policies for liquor liability coverage for hotel, motel, innkeeper and restaurant businesses located in Washington, D.C. for the time period 2000 to present.

14. All discussions or other communication between Essex, Acordia, Royal Oak, and/or MDRB concerning MDRB's request for insurance coverage in connection with the litigation identified in the caption of this Notice of Deposition (the "Insurance Coverage Litigation") or the case captioned Farooq v. MDRB Corp. et al., initially filed in the Superior Court of the District of Columbia and later removed to the United States District Court for the District of Columbia (Civil Action No. 1:06-CV 00211-RMC) (the "Farooq Litigation"). (The Insurance Coverage Litigation and the Farooq Litigation are hereinafter collectively referred to as "the Litigation").

15. All discussions or other communication between Acordia, Royal Oak, and/or Essex concerning the Litigation or MDRB's request for insurance coverage in the Litigation.

16. All discussions or other communication between Acordia, Royal Oak, and/or Essex concerning the reasons asserted by Essex in denying MDRB insurance coverage in the Litigation or for the issuance of a "reservation of rights" letter to MDRB in connection with the Litigation.

17. All discussions or communications between Essex, Acordia, Royal Oak and/or MDRB concerning the Litigation or insurance coverage.

18. The allegations stated in the Complaint filed by Essex in the Insurance Coverage Litigation.

19. The allegations and factual assertions stated in Essex's Motion for Summary Judgment or Opposition to Motion to Stay filed in the Insurance Coverage Litigation.

20. The underwriting file in connection with the Litigation, the Insurance Policy, and/or MDRB.

21. The claims file in connection with the Litigation, the Insurance Policy, and/or MDRB.

22. The authentication of all documents produced by Essex or submitted by Essex with pleadings filed in the Insurance Coverage Litigation.

**PLEASE TAKE FURTHER NOTICE** that this deposition will be taken for the purposes of discovery or for use as evidence relating to the trial to be held on the merits of this case, or for any other purpose that is authorized by the Federal Rules of Civil Procedure. The examination will continue from day to day until completed. You are invited to attend and cross-examine.

**PLEASE TAKE FURTHER NOTICE** that the deponent is hereby requested, pursuant to Rule 34 (c) of the Federal Rules of Civil Procedure, to produce and permit Defendant, MDRB Corp., to inspect and copy at or prior to the date of the noted deposition, all of the records and documents requested in MDRB's request for production of documents previously served on Essex in the Insurance Coverage Litigation.

Respectfully submitted,

**LINOWES AND BLOCHER LLP**

By: _____

Gerald W. Heller
Bar No.: 342857
7200 Wisconsin Avenue, Suite 800
Bethesda, MD  20814-4842
Telephone:  (301) 961-5178
Facsimile:  (301) 654-2801
E-Mail:  gheller@linowes-law.com

Attorney for Defendant,
MDRB Corp. t/a Ramada Limited Corp.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___30th___ day of January, 2007, a copy of the foregoing Notice to Take Deposition sent by facsimile and first-class, postage prepaid U.S. mail to:

Sean M. Hanifin
Benjamin G. Eggert
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C.  20006-1040

and by first-class, postage prepaid U.S. mail and to

Othello C. Jones, Jr.
Anacostia Professional Building
2041 Martin Luther King, Jr. Ave. SE, Suite 244
Washington, DC 20020

By: _____

Gerald W. Heller

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESSEX INSURANCE CO., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:06-CV-01086-HHK |
| | * | |
| MDRB CORP., *et al.*, | * | Next Scheduled Court Event: |
| | * | Scheduling Conference on |
| Defendants. | * | June 8, 2007 at 10:00 a.m. |

## NOTICE OF RULE 30(b)(6) DEPOSITION OF
## ACORDIA OF VIRGINIA INSURANCE AGENCY, INC.
## AND ACCOMPANYING REQUEST FOR PRODUCTION OF DOCUMENTS
## PURSUANT TO RULES 34(c) AND 45

**PLEASE TAKE NOTICE** that commencing on February 22, 2007, at 10:30 a.m. at the offices of Linowes and Blocher LLP, 7200 Wisconsin Avenue, Suite 800, Bethesda, Maryland 20814, the Defendant, MDRB Corp. ("MDRB"), will take the deposition upon oral examination of the Acordia of Virginia Insurance Agency, Inc.("Acordia"), pursuant to Rules 30(b)(6), 34(c) and 45 of the Federal Rules of Civil Procedure before a Notary Public or officer duly authorized to administer oaths. Acordia is required to and shall designate one or more officers, directors, or managing agents or other persons to testify on its behalf with respect to the following matters:

### Subject Matters of Deposition

1. Any and all facts and circumstances concerning the sale, purchase, selection or acquisition of a Commercial General Liability Policy, Policy No 3CH1121, issued by Essex Insurance Co. ("Essex") naming as the insured Ramada Limited Corp., t/a MDRB Corp., for the premises located at

1600 New York Ave., N.E., Washington, D.C. for the policy period of July 10, 2002 to July 10, 2003 (hereinafter the "Insurance Policy").

2. All communications between Acordia and MDRB concerning the Insurance Policy or any other proposed insurance policy for the premises located at 1600 New York Avenue, N.E., Washington. D.C.

3. The facts and circumstances concerning the legal relationship between Acordia and Essex.

4. Any commission or other payments paid by Essex to Acordia relating to the Insurance Policy.

5. Any commission or other payments paid by Essex to Acordia for the time period 2002 to present in connection with the issuance of insurance policies.

6. Any and all facts and circumstances concerning the availability and limitations of Commercial General Liability policies for businesses for hotel, motel, innkeeper and restaurant businesses located in Washington, D.C. for the time period 2000 to present.

7. Any and all facts and circumstances concerning the availability and limitations of Commercial General Liability policies for assault and battery coverage for hotel, motel, innkeeper and restaurant businesses located in Washington, D.C. for the time period 2000 to present.

8. Any and all facts and circumstances concerning the availability and limitations of Commercial General Liability policies for physical altercation coverage for hotel, motel, innkeeper and restaurant businesses located in Washington, D.C. for the time period 2000 to present.

9. Any and all facts and circumstances concerning the availability and limitations of Commercial General Liability policies for employment, hiring and supervision coverage for hotel, motel, innkeeper and restaurant businesses located in Washington, D.C. for the time period 2000 to present.

10. Any and all facts and circumstances concerning the availability and limitations of Commercial General Liability policies for liquor liability coverage for hotel, motel, innkeeper and restaurant businesses located in Washington, D.C. for the time period 2000 to present.

11. All discussions or other communication between Acordia and MDRB concerning MDRB's request for insurance coverage in connection with the litigation identified in the caption of this Notice of Deposition (the "Insurance Coverage Litigation") or the case captioned Farooq v. MDRB Corp. et al., initially filed in the Superior Court of the District of Columbia and later removed to the United States District Court for the District of Columbia (Civil Action No. 1:06-CV 00211-RMC) (the "Farooq Litigation"). The Insurance Coverage Litigation and the Farooq Litigation are hereinafter collectively referred to as "the Litigation"). A copy of the Complaint filed in the Farooq Litigation is attached hereto as Exhibit 1.

12. All discussions or other communication between Acordia and Essex concerning the Litigation or MDRB's request for insurance coverage in the Litigation.

13. All discussions or other communication between Acordia and Essex concerning the reasons asserted by Essex in denying MDRB insurance coverage in the Litigation or for the issuance of a "reservation of rights" letter to MDRB in connection with the Litigation.

14. All discussions or communications between Acordia and MDRB concerning the Litigation or insurance coverage.

15. The authentication of all documents requested in the accompanying request for production of documents.

**PLEASE TAKE FURTHER NOTICE** that this deposition will be taken for the purposes of discovery or for use as evidence relating to the trial to be held on the merits of this case, or for any

other purpose that is authorized by the Federal Rules of Civil Procedure. The examination will continue from day to day until completed. You are invited to attend and cross-examine.

**PLEASE TAKE FURTHER NOTICE** that the deponent is hereby requested, pursuant to Rules 34 (c) and 45 of the Federal Rules of Civil Procedure, to produce and permit Defendant, MDRB Corp., to inspect and copy at or prior to the date of the noted deposition, all of the following records and documents.

## DOCUMENT REQUEST INSTRUCTIONS

In addition to the defined terms stated above, as used herein:

A.      "**Document**" includes every tangible thing from which information can be obtained, perceived, reproduced or communicated, either directly or with the aid of a machine or device, including but without limitation, e-mails, correspondence, any written, typed, printed or graphic matter; any drawing, graph or chart; any photograph, movie or other filmed or reproduced matter; any recording, tape, disc, drum, cassette, computer data, punch data, or other data computation, however stored or recorded; and all copies of any of the foregoing by whatever means made.

B.      The term "**communication**" means any manner or form of information or message transmission, however produced or reproduced, whether by document as herein defined, orally or otherwise, which is made, distributed, or circulated between or among persons or data storage or processing units, and any and all documents contained, consisted of, or relating or referring, in any way, either directly or indirectly, to the communication.

C.      The terms "**you**," "**your**," and "**Acordia**" refer to Acordia of Virginia Insurance Agency, Inc., as well as its agents, subsidiaries, employees, servants or representatives, and unless privileged, its attorneys.

4

D.     The term **"person"** includes a natural person, a corporation, partnership, other business entity or association, and other government or governmental body, commission, board or agency.

E.     As used in these requests, the terms **"and"** and **"or"** shall be construed either conjunctively or disjunctively to bring within the scope of these discovery requests any information which might otherwise be construed to be outside the their scope.   The word **"any"** shall be interpreted to include the word **"all"** and vice versa.

## REQUESTED DOCUMENTS

1.  All documents relating to the matters identified in the preceding <u>Subject Matters of Deposition</u>.

2.  A copy of the résumé or curriculum vitae of any and all person(s) you designate to testify at this deposition.

3.  All documents or communications including, but not limited, to e-mails, correspondence, records, or other material relating to any and all facts and circumstances concerning the sale, purchase, selection or acquisition of a Commercial General Liability Policy, Policy No 3CH1121, issued by Essex naming as the insured, Ramada Limited Corp., MDRB Corp. T/A for the premises located at 1600 New York Ave., N.E., Washington, D.C. for the policy period of July 10, 2002 to July 10, 2003 (hereinafter "Insurance Policy").

4.  All policies, agreements or contracts, or addendum(s) or amendment(s) thereto, including drafts, copies, executed and unexecuted versions, between you, Essex and MDRB.

5.  All documents or communications including, but not limited to, e-mails, correspondence, records, or other material relating to MDRB or Mr. Deepak Bhatnager.

6.  Any and all documents or communications including, but not limited to, policy manuals, guidelines, circulars and alerts concerning the issuance of the Insurance Policy.

7.  All documents relating to the agency, brokerage or other legal relationship between Essex and Acordia.

8.  Any and all documents or communications including, but not limited to, policy manuals, guidelines, circulars and alerts regarding the issuance of insurance policies for or relating to motels, hotels, innkeepers and restaurants located in Washington, D.C. or in alleged high crime areas.

9.  Any and all documents or communications including, but not limited to, policy manuals, guidelines, circulars and alerts regarding the issuance of insurance policies for or relating to assault and/or battery for motels, hotels, innkeepers and restaurants in Washington, D.C. or alleged high crime areas.

10. Any and all documents or communications including, but not limited to, policy manuals, guidelines, circulars and alerts regarding the issuance of insurance policies for or relating to potential liquor liability for motels, hotels, innkeepers and restaurants in Washington, D.C. or alleged high crime areas.

11. All documents concerning your document retention or destruction policies, procedures or practices.

12. All documents relating to any communication between Acordia and Essex concerning the Litigation.

13. All documents relating to any insurance underwriting file for MDRB.

14. All documents relating to any insurance claim made by MDRB.

15. All documents relating to MDRB's request for insurance coverage for the claims asserted in the Litigation.

16. All documents relating to any communications between Acordia and Essex concerning MDRB's request for insurance coverage in the Litigation.

17. All documents relating to Essex's denial of insurance coverage to MDRB or the issuance of a "reservation of rights" letter to MDRB.

18. All documents relating to any communication between MDRB, Mr. Deepak Bhatnager and Acordia concerning the Insurance Policy or MDRB's request for insurance coverage in the Litigation.

19. All documents relating to any commission or other payments made by Essex to Acordia in connection with the Insurance Policy.

Respectfully submitted,

LINOWES AND BLOCHER LLP

By: _____
Gerald W. Heller
Bar No.: 342857
7200 Wisconsin Avenue, Suite 800
Bethesda, MD 20814-4842
Telephone: (301) 961-5178
Facsimile: (301) 654-2801
E-Mail: gheller@linowes-law.com

Attorney for Defendant,
MDRB Corp. t/a Ramada Limited Corp.

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __18th__ day of January, 2007, a copy of the foregoing Notice to Take Deposition sent by first-class, postage prepaid U.S. mail to:

Sean M. Hanifin
Benjamin G. Eggert
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C.  20006-1040

and

Othello C. Jones, Jr.
Anacostia Professional Building
2041 Martin Luther King, Jr. Ave. SE, Suite 244
Washington, DC 20020

By: _____
       Gerald W. Heller

L&B 724009v1/10509.0001

8